# Z. Acker, Plff. in Err., v. William Gundy.

In an action for damages for a malicious prosecution, where the facts relied upon to show probable cause are disputed, they must be referred to the jury.

(Argued February 10, 1888. Decided February 20, 1888.)

July Term, 1887, No. 54, E. D., before PAXSON, TRUNKEY, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Chester County to review a judgment for the plaintiff in an action for malicious prosecution. Affirmed.

The facts were substantially as follows:

In 1885 Z. Acker leased his farm to William Gundy, who was to occupy a tenant house on the place and to farm the same upon shares. By the terms of the lease Gundy was to have the privilege of storing potatoes in the mansion house occupied by Acker and his family, and to have access to the same at such times as would not materially conflict with the said Z. Acker or his family.

On March 20, 1886, while Acker was absent from his home, Gundy and his son went to the mansion house to measure some potatoes. According to the testimony of Mrs. Acker they had been told not to come on that day, as Acker was to be away, and that when they came she informed them of Mr. Acker's absence and refused them admission; that they had a club and knocked

NOTE.—The existence of probable cause, in an action for malicious prosecution, is for the court, where the facts are undisputed. Elbert v. Folwell, 1 W. N. C. 228; Laughlin v. Clawson, 27 Pa. 328; Bernar v. Dunlap, 94 Pa. 329; Madison v. Pennsylvania R. Co. 147 Pa. 509, 30 Am. St. Rep. 756, 23 Atl. 764; Ruffner v. Hooks, 2 Pa. Super. Ct. 278, 38 W. N. C. 516, 27 Pittsb. L. J. N. S. 86. But if there is a conflict of testimony, the question is for the jury under proper instructions as to what constitutes probable cause. Beihofer v. Loeffert, 159 Pa. 365, 28 Atl. 217; Weinberger v. Shelly, 6 Watts & S. 336.

and kicked at the door, which was locked, and threatened her, and that being unable to gain admission they left. Mr. Acker, when informed of this, consulted with his counsel and had Gundy bound over for forcible entry, and his son for a breach of the peace.

Before the cases were returned to court the parties had a meeting and, as alleged, Gundy agreed to settle a claim for damages done to Acker's cattle, and the latter was to drop the prosecution. Gundy having failed to pay, the cases were returned to court, when the bill against Gundy for forcible entry was ignored, but the case against Frank Gundy was heard and he was found guilty of a breach of the peace, and sentenced accordingly.

On March 30 Gundy had a sale of his personal effects, at which sale Acker became a purchaser to the extent of $296, for which he gave his note.

Acker, having failed to get a settlement from Gundy for damages done to his cattle, consulted his counsel again, who advised him to issue a *capias*. A *capias* was accordingly issued upon Acker's affidavit and Gundy was arrested; and being unable to secure bail he, after being advised by Acker's counsel to procure an attorney and fight the case, agreed to settle the case for $300, and gave back to Acker the note the latter had given him, and the *capias* case was discontinued.

Gundy then brought this suit for malicious prosecution of the cases of forcible entry and *capias*. Gundy testified that he and his son had gone to Acker's house on the 20th of March by appointment, and not finding him at home withdrew; that they afterwards went back, and, finding the house locked, knocked on the door, and, failing to get in, they quietly went away.

Counsel for defendant requested the court to charge, *inter alia,* as follows:

5. Under all the evidence your verdict must be for the defendant.

*Ans.* Refused. 1

The court charged, *inter alia,* as follows:

[It becomes your duty therefore to ascertain the facts in this case, upon which the prosecution for forcible entry was brought. The plaintiff has given his version of the case; he testified that the defendant had fixed a particular day for the division of certain potatoes; the plaintiff went to his house on that morning

and was informed that the defendant was not home, but would return in a short time; that he went there a second and a third time; that he was unable to get into the house, it being closed or barred against him; that no response was made to him, and that he then went away.

If this was all the evidence in the case, it would not be sufficient to warrant a prosecution for forcible entry, because there would be no forcible entry shown, and it would not amount to probable cause. In that event the plaintiff would have to go further and prove that the prosecution was malicious in the sense I have defined. Malice in law may be inferred from the want of probable cause, and that is a question for the jury.

There is, however, another view of the case. The defendant's wife has given her version of the matter, to the effect that there was some talk about dividing the potatoes in question; that the plaintiff was informed that they could be divided at any time, but that during the last three days of that week the defendant would be engaged, but that he desired to be there when the potatoes were divided, his mother's sale being on Thursday, and he would be away on Friday and Saturday attending to her affairs; that the plaintiff either came there on the morning of that day, or sent and inquired and was informed that the defendant was away and would be away through the day; that the plaintiff returned there three times with a club and endeavored to get in; that he made threats and pounded against the doors and windows, frightening the defendant's wife and children, the servant and the hired man being away, and that he made threats that he would find a way to get in and would teach her something.

These are the occurrences of that day, as related by the defendant's wife, who also said that when her husband came home in the evening she informed him of what had taken place, and he then went and consulted counsel.

If the facts of the case are as the defendant's wife has stated them, then there was probable cause for the prosecution for forcible entry, without reference to the advice given by counsel, to which I shall hereafter refer.] 2

Verdict for plaintiff for $275, and judgment thereon. Defendant took this writ, assigning for error: (1) The answer to the fifth point; and (2) the portion of the charge quoted.

*W. R. Murphy* and *A. P. Reid,* for plaintiff in error.—— Where it is undisputed that defendant consulted counsel and gave him correctly all the facts within his knowledge, who advised the bringing of the action, the verdict should be for the defendant. Emerson v. Cochran, 111 Pa. 619, 4 Atl. 498; Walter v. Sample, 25 Pa. 275; Fisher v. Forrester, 33 Pa. 501; Bernar v. Dunlap, 94 Pa. 329; McCarthy v. De Armit, 99 Pa. 63.

In an action for maliciously suing out a *capias ad respondendum* the plaintiff is estopped from denying the existence of probable cause of action by the fact that a judgment was rendered against him in the suit in which he was arrested. Herman v. Brookerhoff, 8 Watts, 240.

When the *capias* suit is settled by a compromise, an action for malicious prosecution will not lie. Clark v. Everett, 2 Grant, Cas. 416; Mayer v. Walter, 64 Pa. 283; Wengert v. Beashore, 1 Penr. & W. 232; Munns v. De Nemours, 3 Wash. C. C. 31, Fed. Cas. No. 9,926, 1 Am. Lead. Cas. 5th ed. 221; Murson v. Austin, 2 Phila. 116.

Probable cause is a pure question of law; and where the facts are undisputed it is error to refuse a binding instruction thereon if demanded. Laughlin v. Clawson, 27 Pa. 328; Travis v. Smith, 1 Pa. St. 234, 44 Am. Dec. 125; Fisher v. Forrester, 33 Pa. 501; Dietz v. Langfitt, 63 Pa. 234; McCarthy v. De Armit, 99 Pa. 70.

It is error in connection with a correct charge as to what amounts to probable cause to make such observations to the jury as may lead them to infer that the guilt or innocence of the plaintiff of the criminal charge was a question in the cause. Fisher v. Forrester, 33 Pa. 501.

*H. H. Gilkyson* and *Monaghan & Hause,* for defendant in error.——Undoubtedly malice must be proven, and so the court instructed the jury. But lack of probable cause does prove it, no more appearing.

From lack of probable cause the jury may infer malice. 4 Wait, Act. & Def. 343; Munns v. De Nemours, 3 Wash. C. C. 31, Fed. Cas. No. 9,926, 1 Am. Lead. Cas. 5th ed. *220; Prough v. Entriken, 11 Pa. 84; King v. Philipps, 6 East, 464; Scott v. Shepherd, 2 W. Bl. 892, 1 Smith, Lead. Cas. *558, 11th ed. p. 454; Schofield v. Ferrers, 47 Pa. 197, 86 Am. Dec. 532.

That the jury should not be allowed to infer malice "when by other circumstances it is disproved" (111 Pa. 621, 4 Atl. 498) in no way qualifies this rule. It is enough in the present case to say that the jury have by their verdict found that malice, the "act done wrongfully and without reasonable and probable cause," was not disproved.

Malice in law exists when an act is done wrongfully and designedly by one person to the injury of another. McCarthy v. De Armit, 99 Pa. 69; Munns v. De Nemours, 3 Wash. C. C. 31, Fed. Cas. No. 9,926, 1 Am. Lead. Cas. *213 *et seq.;* Stier v. Labor, 42 Phila. Legal Int. 407; 16 W. N. C. 273.

Advice of counsel does not protect if the case is misrepresented to counsel. Munns v. De Nemours, 3 Wash. C. C. 31, Fed. Cas. No. 9,926, 1 Am. Lead. Cas. 5th ed. *215; Reardon v. Pierce, 1 Chester Co. Rep. 323; Emerson v. Cochran, 111 Pa. 622, 4 Atl. 498; 4 Wait, Act. & Def. 355; Walter v. Sample, 25 Pa. 277.

Where a prosecution is instituted, and the defendant is arrested, for the purpose of extorting money from him, in an action by him for malicious prosecution, he need not prove malice or want of probable cause, as in such case the law implies both. Prough v. Entriken, 11 Pa. 84; Schofield v. Ferrers, 47 Pa. 196, 86 Am. Dec. 532; Orr v. Seiler, 1 Pennyp. 448.

Where an act is unlawful the law itself infers an evil intent. King v. Philipps, 6 East, 463.

So when an action is for abusing the process of the law, in order illegally to compel a party to do a collateral thing, such as to give up his property, or to pay a debt, it is not necessary to aver and prove the prosecution is at an end, nor that it was sued out without reasonable or probable cause. 2 Greenl. Ev. § 452; Grainger v. Hill, 4 Bing. N. C. 212, 5 Scott, 561.

When the suit complained of is a civil action, wholly under the control of the plaintiff therein, a discharge thereof by him, without any judgment or verdict, is a sufficient termination of the suit; and, if one maliciously causes another to be arrested and held to bail for a sum not due, or for more than is due, knowing that there is no probable cause, and, after entering his action, becomes nonsuited, or settles the case upon receiving a part of the sum demanded, an action for a malicious prosecution may be maintained against him. Cardival v. Smith, 109 Mass. 159, 12

Am. Rep. 682; Arundell v. White, 14 East, 216; Watkin v. Lee, 5 Mees. & W. 270; 4 Wait, Act. & Def. 347.

A discharge on habeas corpus is a sufficient ending of a case. Zebley v. Storey, 117 Pa. 478, 12 Atl. 569.

Per Curiam:

It is not error to refuse the defendant's fifth point, as its affirmance would have withdrawn the case from the jury. This the court could not properly have done under the evidence. Nor do we find any error in that portion of the charge embraced in the second assignment. The learned judge, after giving very fairly the plaintiff's version of the case, said to the jury in substance that if this was all the evidence in the case, it would not amount to probable cause. He then, with equal fairness, stated the facts as detailed by the defendant's wife, and then said: "If the facts of the case are as the defendant's wife has stated them, there was probable cause," etc.

The case was submitted to the jury under proper instructions, and while the result may not have been satisfactory to the defendant he has no just reason to complain of the action of the court below.

Judgment affirmed.

