KIMBALL BROTHERS v. DEERE, WELLS & CO., Appellant.

Contracts: CERTAINTY. A contract which provides for the purchase of a specified aggregate number of sets of scales at a specified differing prices for different sets and that a certain number of sets shall be taken in stated years is not so uncertain that no

action for breach may be bottomed thereon though it does not specify what number of each kind was to be taken.

INSTRUCTIONS: *Measure of damages.* At worst for: the seller, such contract gave the defendant the option of taking the scales on which the seller would make the least profit. Hence, an instruction that the buyer had such an option and that presumably, he would have exercised it had he not broken his contract is not prejudicial to the buyer. The rule of the court assumed that the purchaser's breach caused the least possible harm and it cannot avail *him* to urge that he might have so selected as to cause greater injury by failure to buy.

CONSTUCTION. Under a contract for the purchase of certain manufactured articles, providing that such articles should be made "from the patterns" of a certain company manufacturing such goods, and that "no change from said patterns" should be made without the consent of the purchaser, manufacturer was not required to use the identical patterns which had been used by the company referred to, but only to furnish articles in which there was no change, as to the several parts thereof, from the finished product of such company made from such patterns.

SAME. A contract requiring plaintiff to make certain articles for the defendant, according to certain specified patterns, was not broken where plaintiff changed such patterns, but did not use the changed patterns in making any goods for the defendant.

MEASURE OF DAMAGES. Where plaintiff was entitled to recover, in an action for damages for the breach of a contract for the purchase of a specified number of articles, of several different kinds, to be manufactured by plaintiff, and furnished, with "reasonable promptness," on defendant's orders, the measure of such damages for the articles not furnished was the difference between the contract price of the class thereof on which plaintiff would have received the smallest profit and the cost to plaintiff of manufacturing the number thereof which would have been required to fill such contract, making a reasonable deduction for the less amount of time required by plaintiff, its employes and factory, for the release from the trouble and responsibility incident to a full execution of such contract on plaintiff's part. The ordinary rule, difference between contract price and market value, should not govern because there was no agreement to have the scales ready for delivery at the beginning of the term fixed for delivery, but they were simply to be furnished up to the totals in given years as required by the purchaser.

EVIDENCE: *Interpretation.* Where defendant had contracted to purchase of plaintiff manufactured articles of certain specified kinds and the contract was not ambiguous, it was proper, in an action on such contract to reject evidence that plaintiff had manu-

factured and set aside for defendant articles of other kinds, not mentioned in such contract.

**Harmless Error:** OBJECTION BELOW. Where portions of a letter offered in evidence were excluded on objection made, and there was nothing prejudicial in the part admitted, the reading of a part of the excluded portion, without further objection, was not sufficient ground for the granting of a new trial.

N EW TRIAL. Remarks of counsel of a nature not to be commended, but purporting to have been made in response to statements of opposing counsel, or to be deductions from facts disclosed by the record, did not require that the party complaining thereof should have a new trial.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

TUESDAY, JANUARY 24, 1899.

ACTION at law to recover on a contract for the purchase of Columbia scales, and on an account. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Harl & McCabe* for appellant.

*Flickinger Bros.* and *Clem. F. Kimball* for appellee.

ROBINSON, C. J.—A copy of the contract in suit is as follows: "This agreement, made this twentieth day of February, 1893, by and between Kimball Bros., of the first part, and Deere, Wells & Co., of the second part, both of the city of Council Bluffs, state of Iowa, witnesseth: That the said first parties have appointed the said second parties agent for the sale of the Columbia scales for the following territory, to-wit: The three western tiers of counties in the state of Iowa; all of the state of Nebraska; that part of South Dakota lying south of the tier of counties traversed by the Pierre Branch of the Northwestern Railroad; thence west to and including the Black Hills; all of the state of Wyoming; and that part of the state of Idaho traversed by the Union Pacific

Railroad.    The said first party agrees to furnish Columbia
scales made from patterns now in use by the Columbia Scale
Company, and to make no change from said patterns on
scales furnished the said second party without the consent
of the said second party.  The prices and terms to be net as
follows:  Two-ton scale, twenty-eight dollars; two and one-
half-ton scale, twenty-nine dollars; three-ton scale, thirty-
two dollars.    The above complete with beam box, single brass
beam, and test weight.    Three and one-half ton scale, thirty-
five dollars.    This scale complete with beam box, double
brass beam and test weight; four-ton scale, thirty-eight dol-
lars; five-ton scale, forty dollars; six-ton scale, sixty-six
dollars.    After the first year, the price of four and five ton
scales to be one dollar less than above.    The latter three to be
furnished with beam box, double brass beam, test weight,
and weight book.    And the said first party agrees to sell
scales to no other party in or for the territory above men-
tioned, during the life of this contract, and further agrees
to fill all orders made by the second party with reasonable.
promptness, and to guaranty their work.    In consideration
of this agreement upon the part of the said first party, the
said second party hereby agrees to take from the said first
party during the next twelve months, one hundred and fifty
sets of scales, and to take one hundred sets of scales per year
during the life of this contract.    This contract to remain in
force for five years from date.    [Signed] Kimball Bros.
Deere, Wells, & Co."    Eighty-two sets of scales were delivered
under that contract; and, the defendant refusing to accept
other scales under it, this action was brought to recover the
sum of ten thousand dollars as damages for its failure to do
so.    The plaintiff also claims ninety dollars and ten cents on
account, which does not appear to be disputed.    The defend-
ant admits making the contract, but alleges that it elected to
rescind it, for the alleged reason that the plaintiff changed
the patterns from which the scales were made, used material
and workmanship inferior to those required by the agree-

ment in making the scales, and produced scales which were not merchantable. The defendant further alleges that the plaintiff failed to pack the levers and casting, forming parts of the scales, in boxes of suitable strength for shipping, and as required by usage of the trade. The defendant also pleads, by way of counterclaim, that it incurred great expense in canvassing territory to enable it to carry out the contract, and has been damaged by reason of the alleged breach of contract by the plaintiff in the sum of five hundred dollars, for which it asks judgment. The plaintiff, in reply, alleges that, if there were deviations from the patterns as alleged, they were unimportant, did not constitute a breach of the contract, were made without the knowledge of the plaintiff, and under the direction or with the consent of the defendant. The verdict and judgment were for the sum of five thousand nine hundred and thirty-seven dollars and ten cents, besides costs.

I. The first claim made by the appellant is that the contract is void for uncertainty. This claim is based upon the fact that the contract required the plaintiff to furnish and the defendant to receive five hundred and fifty scales during the five years covered by the contract, and that it enumerated seven different kinds of scales, at prices ranging from twenty-eight to sixty-six dollars per scale, but did not specify the number of each kind which the defendant was required to accept. It is said the contract was not a contract of sale, but a contract to exercise an option to take one or more of several different and distinct articles. The court below charged the jury that, under the contract, the defendant had a right to designate what sizes of scales it would take; that it had a right to select the scales on which the plaintiff would have realized the least profit; and since it could not be determined that the defendant would not have exercised that privilege, if the plaintiff was entitled to recover, its recovery would be fixed on the assumption that the privilege would have been exercised. Although the contract fails to designate the number of each kind of

scales which the defendant should take, the aggregate number which it was required to take was definite and certain, and the damage which would result to the plaintiff from the failure of the defendant to take any definite number of any one of the classes could have been ascertained with reasonable certainty. It is clear that if the defendant refused, without sufficient cause, to perform its part of the contract, the damages to the plaintiff could not have been less than it would have been had the defendant elected to take the kind of scales which would have yielded the plaintiff the least profit. To that extent the contract is definite and certain. It would be most unjust and unreasonable to permit the defendant to take advantage of its own wrong, on the ground that, had it done as it agreed, the profits of the plaintiff might have been greater than the amount allowed by the charge of the court. Since they could not, in any event, have been less than that amount, the defendant has no reason to complain of that portion of the charge.

II. The appellant complains of the refusal of the court to permit it to show that the plaintiff manufactured and set aside for the defendant several four-ton Junior scales, and perhaps other kinds not mentioned in the contract, as tending to show that the parties construed the contract to cover kinds of scales not enumerated in it. The offered evidence was properly rejected. The contract was not ambiguous, but specified particularly the kinds of scales and appurtenances to which it applied. If other kinds were desired by the defendant, and were furnished by the plaintiff, and credit therefor given on the contract, that fact would merely tend to show a waiver in favor of the defendant of the strict terms of the contract, but would not show that the contract was other than what it purported to be. The offered evidence was properly rejected; and that is true, for substantially the same reasons, of the evidence offered by the defendant to prove alleged changes in the pattern of certain goose necks used with some scales, and the cost of manufacturing them.

III.   The court ruled during the trial that the clause,
"The said first party agrees to furnish scales from patterns
now in use by the Columbia Scale Company, and to make no
change from said patterns on scales furnished the said second
party without the consent of the said second party,"
did not require the plaintiff to use the molder's pat-
terns which had been used by the Columbia Scale
Company, and charged the jury that "if, in the manner in
which plaintiff manufactured the scales, there was no change
in the finished product as to the several parts thereof, from
the finished product for these parts as made by the Columbia
Scale Company, then there would be no change in the pat-
terns, within the meaning of the contract."   The appellant
contends that the patterns referred to in the contract were
the molder's patterns, and that the finished product did not
furnish the test as to whether there had been a change.
The evidence showed that there had been some changes in
two wooden patterns for brass scale beams which the plain-
tiff had obtained from the scale company, and there was
some evidence to the effect that there had been changes in
a clamp-casting pattern and in a heel-plate pattern for a
six-ton scale.   The evidence was sufficient to authorize the
jury to find the following facts:   The plaintiff made some
slight changes in the two wooden patterns for scale beams,
for the purpose of smoothing them where they had been
roughened by use, and to make them work easier; that one
of them was replaced with a brass pattern; that wooden
patterns could not be used for more than from one hundred
to .two hundred castings, and that those furnished would
have been worn out before the casting required by the con-
tract could have been made; that the scale beams, when cast,
were rough, and larger than the finished beams, and required
planing and polishing to reduce them to the required size
and condition; that the finished scale beams made by the
plaintiff from the altered patterns were in all respects the
same as those made before the patterns were changed.   The

jury was also authorized to find that the change in the clamp casting was made by order of the defendant, and that the pattern for the six-ton heel iron was not changed after it was received by the plaintiff.

The contract must be given a reasonable interpretation to effectuate the intention of the parties to it. It would be unreasonable to conclude that the parties intended that the identical wooden patterns furnished by the scale company should be used after they had become so worn and out of repair that good castings could not have been obtained by using them. The matter of importance to the defendant was that the scales furnished to it should be made like those manufactured by the scale company, and, if that result was accomplished, it was immaterial whether the patterns were the identical ones furnished by that company or not. No doubt, the parties might have made the use of the identical patterns of the essence of the contract, but we are of the opinion that they did not do so. The language of the contract is not that the scales shall be made by the actual use of the patterns in molding, but that they shall be made "from the patterns," and that "no change from said patterns" shall be made without the consent of the defendant. If the word "from" were used in its primary signification, there would be no basis whatever for the claim of the defendant as to the necessity of using the same patterns; but the word as first used in the contract means much the same as "according to," and the negative of that is expressed by the phrase in which it is used the second time. We conclude that the interpretation placed upon the contract by the district court was substantially correct.

IV. The court charged the jury that if the plaintiff made scales in which the six-ton heel plate had been changed, but did not use the changed pattern in making the scales furnished the defendant, the contract would not have been broken by such change. It is contended that under the contract the defendant was entitled to six-

ton scales; that, if the pattern had been changed, it was impossible for the plaintiff to furnish such scales; and therefore no judgment should have been rendered against the defendant for its failure to perform the contract. We think the charge as to the matter in question was correct. The contract required the plaintiff not to make changes from the patterns in the scales furnished to the defendant, and the latter cannot defeat a recovery on the ground that a change was made which did not in any manner affect its rights. The defendant asked the court to instruct the jury that if the change in the six-ton heel iron pattern was made after the contract in suit was entered into, without the consent of the defendant, the change constituted a breach of the contract, and that the plaintiff could not recover for the breach of the contract which it alleges. We think that the court properly refused to so instruct the jury, for the reason, already stated, that the defendant cannot complain of a change which did not affect any scales which it ordered or desired to order. Had the plaintiff, by reason of the change, been unable to furnish the defendant scales it was entitled to demand under the contract, a different question would have been presented, which is not raised by the portion of the charge given and the instruction refused which are under consideration.

V. The court charged the jury that, if the plaintiff was entitled to recover, the measure of its damages for the breach of the contract for the scales not furnished was the difference between the contract price of the class on which plaintiff would have received the smallest profit, and the cost to the plaintiff of manufacturing the number of scales of that class which would have been required to fill the contract, making a reasonable deduction for the less amount of time required by the plaintiff, employes, and factory, and for the release from trouble, risk, and responsibility attendant upon a full execution of the contract on the part of the plaintiff. The defendant

insists that the rule thus given was erroneous, and that the
ordinary rule for damages for the breach of contract to pur-
chase personal property which is the difference between the
contract price and the market value at the time and place of
delivery should have been given. That the rule last stated is
the one which should be applied in ordinary cases involving
a breach of contract to purchase personal property may
be conceded, but we are of the opinion that it should not
have been applied in this case. The contract did not require
the plaintiff to have the scales and appurtenances specified
ready for delivery at the beginning of the term fixed by
the contract, but only to fill orders in each year to the num-
ber of scales to be furnished during the year "with reason-
able promptness," and the plaintiff was not required to
manufacture the scales if the defendant was not to receive
them. In other words, the plaintiff was not required to
manufacture all of the scales required by the contract, and
rely upon its ability to sell them to others in case the defend-
ant refused to take them, but had the right to manufacture
them only as required. If it had, however, in good faith,
manufactured the scales, and there had been a market value
for them, no doubt the rule contended for by the defendant
would have applied. It is said in 2 Sutherland Damages
(2d ed.), section 649, that, where a purchaser of an unman-
ufactured article refuses to accept it, "the manufacturer is
not bound to complete it, make a tender of it, and, on the
purchaser's refusal to accept it sell it on the market. He
may recover the difference between the cost of making the
article and the price agreed to be paid for it." That rule
appears to us to be founded in reason, and to be supported
by the authorities. *Hinckley v. Steel Co.,* 121 U. S. 264
(7 Sup. Ct. Rep. 875); *Walsh v. Myers,* 92 Wis. 397 (66
N. W. Rep. 250), and cases therein cited; *Lumber Co. v.
Warner,* 93 Mo. 374 (6 S. W. Rep. 210); *Crescent Mfg.
Co. v. N. O. Nelson Mfg. Co.,* 100 Mo. 325 (13 S. W.
Rep. 503); *Tufts v. Lawrence,* 77 Tex. 526 (14 S. W.

Rep. 165); *Collins v. Delaporte,* 115 Mass. 159; *Cort v. Railway Co.,* 17 Q. B. 127; *Hosmer v. Wilson,* 7 Mich. 294; *Atkinson v. Morse,* 63 Mich. 276 (29 N. W. Rep. 711); *Hale v. Trout,* 35 Cal. 229; *Muskegon Curtain-Roll Co. v. Keystone Mfg Co.,* 135 Pa. St. 109 (19 Atl. Rep. 1008); *Tahoe Ice Co. v. Union Ice Co.,* 109 Cal. 242 (41 Pac. Rep. 1020); *Tufts v. Weinfeld,* 88 Wis. 647 (60 N. W. Rep. 992); 2 Benjamin Sales (Corbin's ed.), section 1121), and note 3; Tiedeman Sales, section 333.

It is suggested that, when the defendant rescinded the contract, the plaintiff had a number of scales on hand, and that, as to those scales, the rule of damages given by the court was wrong. The plaintiff had in stock scales at the time the rescission was declared, but our attention has not been called to any evidence which shows the number of scales of the kind on which the plaintiff made the least profit which it had on hand at that time, nor where the matter suggested was brought to the attention of the district court. We conclude that the rule as to the measure of damages given to the jury was correct as applied to the facts in this case.

Objections to the charge to which we have not referred are urged, but are disposed of by what we have said, or are without substantial merit, and need not be specially noticed.

VI. The appellant complains of rulings on evidence. One of these rulings related to the admission in evidence of a letter marked "Exhibit L." A portion of the letter was excluded on the objection of the defendant. We find nothing in the part admitted by the ruling of the court which could have been prejudicial. There is confusion in the record as to some parts of the letter, and it may be that a portion of it, to which an objection was sustained, was read; but, if so, it was read, perhaps inadvertently, without further ruling by the court, and without calling its attention to the fact that an objection had been sustained to a part which was read.

We have examined numerous other objections to rulings, and find that, although the correctness of one or two of such rulings may be somewhat doubtful, they related to matters of so little importance, or were so manifestly without prejudice, that we would not be justified in disturbing the judgment of the district court on account of them.

VII.   The appellant complains of remarks made by attorneys for the plaintiff in presenting the case to the jury. Some of the remarks objected to are not to be commended, but most of them purport to have been in response to statements made by attorneys for the defendant, and some appear to have been permissible, although somewhat free, deductions from facts disclosed by the record.   We do not think it can be said that the record before us shows that a new trial should have been granted because of the alleged misconduct of counsel.

What we have said disposes of the material questions in the case.   We do not find any sufficient reason for disturbing the judgment of the district court, and it is AFFIRMED.