ZIMMERMAN RADIO CORPORATION *vs.* BRONSON AND TOWNSEND COMPANY.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th, 1928—decided January 18th, 1929.

*Frederick H. Wiggin,* with whom was *Clarence W. Bronson,* for the appellant (defendant).

*David M. Reilly,* with whom was *Louis Sperandeo,* for the appellee (plaintiff).

MALTBIE, J. On July 27th, 1926, the defendant agreed to buy of the plaintiff five hundred radio sets, to be delivered as specified by the defendant within the next six months. Later the defendant gave the plaintiff a further order for two hundred smaller sets,

but the jury in a special verdict has found that any of these sets taken by the defendant were to be applied upon the original order for five hundred sets. It seems not to have been disputed that the defendant in fact ordered and accepted during the six-months period only one hundred and forty-nine of the larger sets and one hundred and fifty-six of the smaller sets. The plaintiff is seeking a recovery of damages for the failure of the defendant to take the balance of the sets ordered by it.

The defendant requested the trial court to charge the jury that the proper measure for damages under the Sales Act was the difference between the market price and the contract price, where there is a market, in the absence of special circumstances showing proximate damage of a greater amount; that in this case, before the plaintiff could recover damages in which loss of profits should be considered, it was incumbent upon it to show that there was no market for the goods and that this the plaintiff had failed to do; and that upon the proof in the case, no basis had been established for a recovery of more than nominal damages. The trial court, however, charged the jury that if they found that the defendant did fail to take the sets as claimed by the plaintiff "and the plaintiff stood ready and willing to carry out its part of the agreement, but the defendant repudiated the order, then the law is that if, while labor or expense of material amount is necessary on the part of the seller to enable him to fulfil his obligations under the contract to sell, or the sale, the buyer repudiates the contract or the sale, or notifies the seller to proceed no further therewith, the buyer shall be liable to the seller for no greater damages than the seller would have suffered if he did nothing toward carrying out his contract or the sale, after receiving notice of the buyer's repudiation or

countermand, but the profit the seller would have made if the contract or the sale had been fully performed, shall be considered in estimating such damage. The loss sustained by the plaintiff would be the profit the plaintiff would have made if the deliveries were called for by the defendant on the balance of three hundred and fifty-one sets." The jury returned a verdict for $4,085.25, which the defendant moved the court to set aside as against the evidence. The appeal is based upon the denial of the defendant's requests to charge as to damages, the charge upon that subject which the court gave, and the action of the trial court in refusing to set aside the verdict.

The contention of the defendant is based upon the provision of the Sales Act found in §4730 of the General Statutes, to the effect that "where there is an available market for the goods in question, the measure of damages is, in the absence of special circumstances showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance, then at the time of the refusal to accept." The charge of the court, except for the application to the facts of the case in the last sentence, was an exact quotation of the provision in the same section immediately following that relied upon by the defendant. This latter provision is in affirmance of the common-law principle that where labor and expense is required to produce an article sold, the seller, knowing that the goods will not be accepted, is not justified in making such expenditures to produce them. 2 Williston on Sales (2d Ed.) §589; 2 Sutherland on Damages (4th Ed.) §649. This is so, because the result of his proceeding to produce the goods would be in most instances to increase the damage with no com-

pensating gain to anyone; *Home Pattern Co.* v. *Mertz Co.*, 86 Conn. 494, 86 Atl. 19; and while it is possible that if he did complete the articles he might be able to sell them to other parties so as in fact to decrease the damage which he might call upon the buyer to pay, such a result would occur too rarely and is ordinarily too problematical to justify him in proceeding with the work. The basis of the rule is not the fact that the contract is in contemplation of the parties one for the manufacture of goods, but the general obligation which rests upon a party whose rights have been invaded to take such a course as is reasonably likely to minimize the damage which he will suffer. The two provisions in the statute contemplate different situations; the first deals with articles in a condition to be sold upon the market, the second, with articles upon which an expenditure is necessary to put them into such a condition. It is true that the second finds its ordinary application where there is an anticipatory breach by way of a repudiation of the contract by the buyer, but the same principle applies where goods bought are under the contract to be delivered only as ordered by the buyer and the seller puts them into condition for delivery only after receipt of the order. *Hinckley* v. *Pittsburgh Bessemer Steel Co.*, 121 U. S. 264, 274, 7 Sup. Ct. 875; *Silkstone & Dodsworth C. & I. Co.* v. *Joint Stock Coal Co.*, 35 L. T. (N. S.) 668; *Gardner* v. *Deeds & Hirsig*, 116 Tenn. 128, 92 S. W. 518; *Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528, 545, 100 N. E. 457, *Todd* v. *Gamble*, 148 N. Y. 382, 42 N. E. 982; *United Engineering & Contracting Co.* v. *Broadnax*, 136 Fed. 351; *Kimball Brothers* v. *Deere, Wells & Co.*, 108 Iowa, 676, 684, 77 N. W. 1041; *Tufts* v. *Weinfeld*, 88 Wis. 647, 60 N. W. 992. While in its charge the court, by adopting the language of the statute, spoke in terms of an anticipa-

tory breach of contract by repudiation, yet there can be no doubt that the jury understood it was to apply the rule in the instant case, though it was one for breach of contract.

We must test the charge by the claims of the parties as to the facts proven by the evidence they offered. *Walters* v. *Hansen,* 99 Conn. 680, 122 Atl. 564. The plaintiff offered evidence to prove and claimed to have proved facts which, with the necessary inferences to be drawn from them, established this situation: One Zimmerman proposed to organize a corporation to engage in the manufacture of the particular type of radios sold to the defendant; after he secured the order in question, in which the defendant was made the exclusive agent for the sale of the radios in Connecticut, the plaintiff corporation was organized to manufacture them and proceeded to do so; it had no established business and no market in which to sell the radios ordered but not taken by the defendant; it had purchased a large amount of material to enable it to perform its obligations under the contract, which was left upon its hands; it had not completed the sets bought by the defendant but delivery of which had not been made and would have had to incur expense for labor and material to put them in a deliverable condition, but it would have performed its obligations under the contract, had orders for further deliveries been received. On the other hand, the claims of the defendant as to facts proven show no countervailing circumstances, nor does it in fact dispute the plaintiff's claims of proof, except that it contends that there was evidence to show a market for the radios, had they been manufactured. It is true that in February, 1927, there was a transaction between the parties as a result of which the defendant took from the plaintiff certain radio sets, parts and materials and paid it $2,000. The

plaintiff claimed that the radio sets involved in this transaction were credited upon the original order in determining the number of sets to be regarded as not delivered, while the defendant claimed that the transaction amounted to an accord and satisfaction as regards all claims of the plaintiff upon the defendant. The jury in its special verdict expressly found against this claim of the defendant. In any event, no claim was made by it that any deduction should be made in determining the plaintiff's damages on account of material which was bought by it in order to manufacture the radios not delivered to the defendant and which was not used for that purpose. In this situation, we cannot find that the trial court erred in charging that the measure of damages was the profit which the plaintiff would have made had all of the radios ordered been taken by the defendant and in declining to give the charges requested by the defendant.

The defendant's motion to set aside the verdict was based upon the contention that, under the evidence offered it did not appear that there was no available market for the radios not taken by it and hence no basis was laid for an award of damages upon the ground of loss of profits to the plaintiff. It does appear, however, from direct evidence or reasonable inference, that the plaintiff was a manufacturer of and not a dealer in radios, that it had given to the defendant the exclusive right to the sale of the radios in Connecticut and that it had no means to dispose of those not taken by the defendant either to wholesalers or to retailers. These facts are not disputed, but the defendant claims that there was a market for the radios not taken by it, because it was itself able to dispose of those it took, and because the officers of the defendant did, in November or December, 1926, advise the president of the plaintiff to secure outlets for the radios, put him in

touch with the representative of another concern with whom he might be able to make arrangements to take them, and he did discuss the matter with that representative. But the market which is intended in the rule of damages in the section of the Sales Act we are considering, is one of which the seller may reasonably avail himself. In this case the jury could not reasonably have found otherwise than that the contract with the defendant was one which would take the entire output of the plaintiff's factory during its term and that the radios could be disposed of otherwise only if the plaintiff could find some other wholesaler or wholesalers who would take on its line, which, in view of the competition then existing with other sorts of radios selling for about the same price, would be very doubtful, particularly as the suggestion that it do so was made by the defendant after that period in the year when wholesalers ordinarily enter into such contracts. Moreover, there was no repudiation of the contract by the defendant so that, throughout its duration, the plaintiff continued under obligations to deliver to the defendant such radios as it ordered and, because the defendant continued as the exclusive agent of this type of radios in Connecticut, the plaintiff could not, without breach of the contract, seek to sell the goods to others in this State. Under such circumstances, the only reasonable conclusion by the jury would be that there was no such market for the radios as would bring into operation the rule of damages based upon the difference between the contract price and the market price of the radios. *Illustrated Postal Card & Novelty Co.* v. *Holt,* 85 Conn. 140, 145, 81 Atl. 1061; *Gordon Malting Co.* v. *Bartels Brewing Co.,* 206 N. Y. 528, 545, 100 N. E. 457, 461; *Kingman & Co.* v. *Hanna Wagon Co.,* 176 Ill. 545, 551, 52 N. E. 328. In any event, for the reasons which we have set forth in

our discussion of the charge of the court, the case was not one where the difference between the contract price and the market price was applicable. No claim is made that, adopting as the measure of damages the profit which the plaintiff would have made had the defendant taken all the radios included in its order, there was not evidence to support the verdict.

There is no error.

In this opinion the other judges concurred.