## KRAUSE V. BISHOP.

1. In an action for malicious prosecution, where the facts are undisputed, the question whether they constitute probable cause is one of law, for the court.

2. The question whether defendant was protected from a suit for malicious prosecution, when she acted upon the advice of counsel after a full statement of the facts to him, and there was no evidence that she acted maliciously or in bad faith, other than the proof that plaintiff was acquitted, was one of law for the court.

3. In an action for malicious prosecution, where it was shown that defendant acted upon the advice of counsel, it will be presumed, in the absence of proof of malice, other than proof that plaintiff was acquitted, that defendant acted in good faith.

4. Where defendant was advised by her regular attorney and by the state's attorney, who had full knowledge of all the facts, that plaintiff could be convicted of the crime with which she charged him, and thereupon verified and filed the complaint prepared for her, she could not be held answerable in a suit by plaintiff for malicious prosecution, in the absence of proof that she acted maliciously or in bad faith.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Minnehaha county; Hon. Joseph W. Jones, Judge.

Action by G. R. Krause against Caroline Bishop. From a judgment for defendant, plaintiff appeals. Affirmed.

*Joe Kirby* and *G. R. Krause,* for appellant.

Where in actions of malicious prosecution the defendant has communicated to his counsel all the facts bearing on the case of which he has knowledge or could have ascertained with reasonable diligence and inquiry, and has acted upon the advice received, honestly and in good faith, believing such person guilty of the crime charged, the absence of malice is established. Newell Mal. Pros. p. 310; 2 Thomp. on Trials, Sec. 1638-9; 2 Blash. Instr. to Jur. Sec. 1865-8; 14 Am. and Eng. Enc., p. 56-7; McCarty v. Kitchen, 59 Ind. 505; Center v. Spring, 2 Ia. 406; Johnson v. Miller, 47 N. W. 903; Roy v. Goings, 112 Ill. 656; Glascock v. Bridges, 15 La. An. 672; Hicks v. Brantley, 102 Ga. 264; Sharp v. Johnson, 76 Mo. 660; Vinal v. Core, 18 W. Va. 1; Brewer v. Jacobs, 22 Fed. 217; Cole v. Curtis, 16 Minn. 182; Jackson v. Bell, 5 S. D. 257.

*Winson & McNaughton,* for respondent.

In an action for malicious prosecution where the facts are undisputed, the question whether they constitute probable cause is one of law for the court. Center v. Spring, 2 Ia. 393.

A person acting under advice of the commonwealth's attorney although actuated by malice is not liable for malicious prosecution. Newell Mal. Pros. 111; Yocum v. Polly, 36 Amer. Dec. 583.

CORSON, P. J.    This is an appeal by the plaintiff from a judgment entered upon a directed verdict in favor of the defendant. The action was for malicious prosecution, and the principal defense relied on was that the defendant, in instituting the prosecution under which the plaintiff was arrested and tried, acted under the advice of her counsel and the state's at-

torney. At the conclusion of all the evidence the defendant moved the court for the direction of a verdict in her favor and against the plaintiff on the following grounds: "(1) That the undisputed evidence shows that the defendant, before commencing the prosecution of plaintiff, made a full and fair statement of all material facts within her knowledge to counsel, and, upon his advice, in good faith, commenced the prosecution. * * * (3) For the reason that the undisputed evidence shows that the defendant herein had proper cause to institute the prosecution against the plaintiff." This motion was granted, but upon which of the grounds does not affirmatively appear. There seems to have been no material conflict in the evidence, and it was undisputed that counsel for the defendant and the state's attorney, upon a statement of facts by the defendant, advised her that such facts constituted an offense, under the law.

It is contended by the appellant that a malicious porsecution embraces both law and fact, and that cases of that class must be submitted to the jury; but, in our opinion, this contention is untenable. There is no distinction between that and other cases, where the facts are undisputed. Whether or not the facts, when so undisputed, constitute probable cause, or whether or not, where the defendant acted upon the advice of counsel, after a full statement of the facts to him, and there is no evidence that the defendant acted maliciously or in bad faith, other than proof that the plaintiff was acquitted, the defendant is protected, are questions of law for the court. Mr. Newell, in his work on Malicious Prosecution, p. 278, says: "What is meant by the expression that probable cause is a mixed question of law and fact is, if the circumstances of the

case which are adduced as proof of a want of probable cause are controverted, if conflicting testimony is to be weighed, or if the credibility of witnesses is to be passed on, the fact of the existence or nonexistence of probable cause should be submitted to the jury, with proper instructions as to the law. But where there is no dispute about the facts, it is the duty of the court on the trial to apply the law to them, and pronounce upon the legal effect of the evidence without intervention of the jury." And speaking of the defense of advice of counsel, the Supreme Court of Illinois, in Anderson v. Friend, 85 Ill. 135, says: "It has been uniformly held that, where the prosecutor fairly presents all the facts to a respectable practicing attorney, who, from such a statement of facts, advises they are sufficient to warrant a prosecution, the prosecution is protected against a suit for malicious prosecution, and, from the very nature of our criminal laws, it must be so; otherwise there would be no safety in originating such proceedings. But few persons outside the profession can determine, in many cases, whether the facts will justify a criminal conviction, but it is to be presumed that all respectable attorneys in full practice do know, and it is their duty to fairly and honestly advise in these as in all other cases; and, if a prosecutor may not safely act upon such advice, then he has to almost guaranty a conviction when he starts a prosecution. The criminal law must be enforced, and human agencies must be employed for the purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused; and where the prosecution is commenced on the advice of respectable counsel, after fairly presenting to his consideration all the facts, and he advises that they are sufficient, it cannot be held the prosecu-

tion is groundless and there is a want of probable cause." Jackson v. Bell, 5 S. D. 257, 58 N. W. 671; Huntington v. Gault, 81 Mich. 144, 45 N. W. 970; Perry v. Sulier, 92 Mich. 72, 52 N. W. 801; Newell on Malicious Prosecutions, pp. 217, 218.

It is contended in the case at bar that there was no proof on the part of the defendant that she acted upon the advice of counsel in good faith, believing the plaintiff to be guilty of the crime with which he was charged; but we are of the opinion that, in the absence of proof of malice, other than proof that the plaintiff was acquitted, it is the duty of the court to pre-sume that the defendant acted in good faith, as actual malice and bad faith are never presumed by the court.

The evidence of Mr. Winsor, who was the regular attorney of the defendant, clearly shows that he had full knowledge of all the facts, and that he, in connection with the defendant, fully communicated the same to the state's attorney, and upon these they advised the defendant that the plaintiff could be convicted of the crime charged, and that he thereupon pre-pared a complaint in the action, which the defendant verified and filed. Upon this evidence, in the absence of proof that the defendant in fact acted maliciously or in bad faith, we are of the opinion that the court was clearly right in directing a ver-dict in her favor.

It is further contended that the facts stated to counsel and the state's attorney were not sufficient to constitute a criminal offense, but, in the view we have taken of the case, an examina-tion of this question for the purpose of determining whether or not there was probable cause for the prosecution of the plaintiff is not necessary, and hence we shall not review the evidence upon that question in this opinion. It is sufficient for

the purposes of this decision that the defendant was advised by reputable counsel, including the state's attorney, that the prosecution could be maintained, and that she acted upon that advice, in the absence of any proof of actual malice or bad faith on her part.

Counsel for the appellant have devoted a portion of their brief to the discussion of questions relating to false imprisonment, but, as the action in this case is clearly one for malicious prosecution, we do not deem a discussion of these questions necessary at this time.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.