WREN, Responendt, v. REHFELD, Appellant.

(157 N. W. 323.)

(File No. 3823.  Opinion filed April 11, 1916.)

1. **Damages—Malicious Prosecution—Attorney's Fees in Criminal Action.**

   Attorney's fees incurred by a defendant in a criminal prosecution may, if reasonable and necessary, and so far as they are shown to have been an actual and approximate consequence of the act complained of, are recoverable as items of damage in a suit for malicious prosecution.

2. **Evidence—Transcript of Testimony in Another Action—Foundation—Showing of Being Beyond Legal Process, Necessity.**

   A transcript of testimony of witnesses, who testified in a criminal action, is not admissible in evidence in a suit for damages for malicious prosecution in the criminal action, where it did not appear that the witnesses were beyond reach of process and no showing of any kind was made to justify admission of the transcript.

3. **Trial—Malicious Prosecution—Evidence, Substantial Conflict—Directed Verdict—Malice—Probable Cause, Advice of Counsel, Questions for Jury.**

   Where there is substantial conflict in the evidence as to the facts in a suit for malicious prosecution, the questions of probable cause, and of acting under advice of counsel, are for the jury. So held, where in determining whether the transaction was malicious, it appeared that while defendant informed his counsel and the state's attorney of substantially the same facts testified to by him and the witnesses, yet that he nor either of the attorneys investigated, or was informed as to plaintiff's version of the facts.

4. **Appeals—Malicious Prosecution—Instruction—Advice of Counsel Acting on Wrong Version of Facts—Harmless Error.**

   In a suit for malicious prosecution, where the evidence showed that the advice of counsel and the state's attorney to the defendant in connection with the criminal action was based upon defendant's wrong version of the facts, which differed materially from that of the plaintiff, whose version was not investigated and was not known to said attorneys, held, that an instruction that commencement of a criminal prosecution by defendant for certain specified purposes would be conclusive evidence of malice, and that advice of counsel would be no protection, was harmless error, it appearing in evidence that the advice of counsel was of no avail, regardless of the instruction.

Appeal from Circuit Court, Roberts County. HON. THOMAS L. BOUCK, Judge.

Action by Elizabeth Wren, against Gustav W. Rehfield, for malicious prosecution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Geo. S. Rix,* and *D. J. Leary,* for Appellant.

*Howard Babcock,* and *J. J. Batterton,* for Respondent.

(1) To point one of the opinion, Appellent cited: Falk v. Waterman 49 Cal. 224; Dorris v. Miller, (Iowa) 75 N. W. 482.

Respondent cited: 19 Cyc. 369; 26 Cyc. 63.

(2) To point two of the opinion, Appellant cited: State v. Heffernan, 24 S. D. 1.

(3) To point three of the opinion, Appellant cited: Flckhoff v. Fidelity & Casualty Co. (Minn.); Meyer v. Neese (Neb.) 145 N. W. 256, 26 Cyc. 31; Wicker v. Hotchkiss, (Ill.) 14 Am. Rep. 75; Malloy v. Chicago, Milwaukee & St. Paul Ry. Co., 148 N. W. 598.

Respodent submitted that: It was a question for the jury. The jury evidently believed the plaintiff.

GATES, J. Action for malicious prosecution; verdict and judgment for plaintiff. Defendant appeals from the judgment and an order denying a new trial.

The husband of plaintiff was a tenant of defendant, and also a lessee of certain Indian lands in Roberts county. Defendant came on the scene with two men and attempted to drive off the cattle and horses of plaintiff's husband, claiming they were, or had been, damaging his cornfield. There was also a dispute between defendant and plaintiff's husband about some hay and a misunderstanding in regard to the use by defendant of some of the land leased to plaintiff's husband. Plaintiff's husband, two sons, and a daughter attempted to prevent the driving away of the live stock, and finally plaintiff appeared with a shotgun and discharged it. Defendant claims that she aimed and shot at him. The testimony on behalf of plaintiff tends to show that she aimed and shot in the air. Defendant caused plaintiff's arrest upon a charge of assault with intent to kill, and on the trial in the circuit court she was acquitted; hence this action.

The errors assigned may be considered under four heads.

[1] It is first urged that plaintiff's expenses and attorney's fees in the criminal action are not proper elements of damage in this case. We agree with the following rule laid down in 26 Cyc. 63:

"Expenses incurred or paid about the original proceeding by plaintiff and attorney's fees which have been incurred by him, if reasonable and necessary, so far as they are shown to have been an actual and proximate consequence of the act complained of, are items of damage which may be awarded plaintiff to the extent of their proved value."

[2] It is next claimed that the court erred in rejecting the

transcript of the testimony of two witnesses who testified in the criminal action. The offer was objected to, among other grounds, for the reason that:

"It is not shown that the witness whose testimony is sought to be produced here cannot be produced at the trial, and it is not shown that the defendant has used any diligence or made any effort, sufficient effort, to secure their attendance at the trial as witnesses."

It did not appear that the witnesses were beyond the reach of process. In fact, no showing of any kind was made to justify the admission in evidence of the transcript. There was no error in the ruling of the court. State v. Heffernan, 24 S. D. 1, 123 N. W. 87, 25 L. R. A. (N. S.) 868, 140 Am. St. Rep. 764; Jones on Ev. §§ 341, 342.

[3] It is next urged that the court erred in denying defendant's motion for a directed verdict. Appellant claims that there was no evidence showing or tending to show malice. We cannot agree with this assertion. Without detailing the evidence in that behalf, we are of the opinion that there was a number of things which had a tendency to show malice, provided the jury believed plaintiff's witnesses. Appellant claims that the evidence showed without dispute that there was probable cause for the institution of the criminal action; that he made a full and fair disclosure of the facts, both to his own attorney and to the state's attorney of Roberts county, and was advised by both to proceed with that action. It does fairly appear that the defendant stated to these attorneys substantially the same facts that he testified to on this trial as to the occurrences in the cornfield, and that these attorneys made inquiry of the two men who accompanied the plaintiff, but these occurrences, as testified to by defendant at this trial and as recounted to the attorneys, were not the occurrences which the plaintiff's five witnesses testified to. There was a decided conflict in regard thereto between the two sets of witnesses. The trial court rightly ruled that, when there is a substantial conflict in the evidence as to the facts, then the questions of probable cause and of acting under advice of counsel are for the jury. It is not claimed that either attorney investigated or was informed as to the Wren family's version of the facts.

[4] Appellant lastly challenges certain portions of the in-

structions to the jury herein marked (a), (b), and (c):

(a) "But if, on the other hand, you find that the defendant was upon the lands owned or leased by the husband of the plaintiff against his will, then the defendant was a trespasser thereon, and you further find that the defendant was attempting to take away therefrom the cattle of plaintiff's husband, and was using vile language toward and threatening to injure him, and that defendant had others with him whom he had told and instructed to take said cattle, and also told and instructed to club the plaintiff's husband, and that defendant was angry and made threats which plaintiff might reasonably believe would be carried out, and which he and those he had with him would carry out, and you further find that the plaintiff did not shoot at the defendant, but shot in the air, not intending to hit or shoot him, then her acts were justified, and no probable cause for the arrest or prosecution existed, and, if you further find that the defendant prosecuted the plaintiff through malicious motives, and the plaintiff was acquitted of said charge, then your verdict should be for the plaintiff."

The above portion of the instructions came immediately after the following instruction:

"You are further instructed that, if you find from the evidence that at said county of Roberts, on the 28th day of March, 1913, the plaintiff held in her hands a loaded shotgun, which she pointed at the defendant, intending to shoot and hit the defendant, and that such action on her part was as claimed by the defendant in his answer, and as by him testified to, then her acts were wrongful and unlawful, and the defendant was justified in causing her arrest and her prosecution in this court, and your verdict should be for the defendant."

(b) "The court instructs the jury, as a matter of law, that the commencement of a criminal prosecution by the defendant for the purpose of enforcing a civil right or gaining some advantage over another person, or to oppress another, would be an abuse of the process of the court, and would be conclusive evidence of malice on the part of the person commencing such proceeding, and in such case the advice of counsel would be no protection. Whether in this case the proceedings were commenced against the plaintiff with the bona fide intention of prosecuting a supposed

criminal offense, or merely for the purpose of aiding a private interest, or to oppress the plaintiff, are questions to be determined by the jury from the evidence."

(c) "The court further instructs the jury that the burden is upon the defendant to prove that he sought counsel with an honest purpose to be informed as to the law, and that he was in good faith guided by such advice in causing the arrest of the plaintiff, and that whether or not the defendant did before instituting the criminal proceedings make a full, correct, and honest disclosure to the state's attorney of this county of all the material facts bearing upon the guilt of the plaintiff, of which he had knowledge, and whether, in commencing such proceedings, the defendant was acting in good faith upon the advice of his counsel, are questions of fact to be determined by the jury from all the evidence and circumstances proved in the case; and, if the jury believe from the evidence that the defendant did not make a full, correct, and honest disclosure, of all of such facts to his counsel and the state's attorney, but that he instituted the criminal prosecution from a fixed determination of his own, rather than from the opinion of counsel, then such advice can avail nothing in this suit."

Instructions (a) and (c) were fully warranted by the evidence, and there was no error in giving them. There was very little evidence, if any, tending to show that appellant instituted the criminal action for the purpose of enforcing a civil right. The impression that is left on our minds, assuming, as we must, that the evidence on behalf of plaintiff is true, is that appellant prosecuted the criminal action from motives of revenge or oppression. It is urged that the part of the instruction "would be conclusive evidence of malice on the part of the person commencing such proceeding" was erroneous. Appellant says:

"In such case the advice of counsel would be no protection. It amounts to instructing the jury that in the trial of this action the advice of counsel was of no avail."

In view of what was said above in regard to the facts disclosed to counsel, it clearly appears that in this case "advice of counsel" was of no avail without regard to this instruction. So, without approving the use of the word "conclusive," we are

unable to conclude that appellant was prejudiced by such instruction.

The judgment and order appealed from are affirmed.