LEGGETT, Respondent, v. DINNEEN, Appellant.

(167 N. W. 235.)

(File No. 4238. Opinion filed April 12, 1918.)

1.  Evidence—Weapon, Identity of—Resemblance to One Used—
    Competency.

    In a suit for assault and battery, a club or billy, first seen

lying at 'defendant's feet when he was trying to help plaintiff up from the sidewalk after an altercation over plaintiff's request for a night's lodging in defendant's hotel, was sufficiently identified to justify its admission in evidence, although no witness testified positively to even having seen defendant have it in hand or in his possession; plaintiff having testified that defendant had at the time a similar weapon, and that it resembled the weapon with which defendant struck him, another witness testifying it resembled a weapon he had seen in a saloon previously conducted by defendant.

2.  Pleadings—Action for Malicious Assault—Amendment at Close of Testimony, to Cover Arrest and Bail Statute—Judicial Discretion.

In a suit for damages resulting from personal injury to plaintiff through malicious assault by defendant, held, that it was within discretion of trial court to permit complaint to be amended at close of all testimony, by adding an allegation bringing the case within provisions of Code Civ. Proc., Sec. 157, known as arrest and 'bail statute; such allowance being justified under Sec. 150, authorizing amendments in furtherance of justice, or to make pleadings conform to facts proved.

3.  Trials—Instruction—Assault and Battery—Expenses as Damages—Withdrawal of Instruction Not Supported by Evidence—Prejudice.

Where, in a suit for assault and battery, trial court, in absence of any evidence of expenses incurred, at first instructed that jury might consider plaintiff's expenses, if any, and thereafter, court's attention being drawn to such instruction, jury was then instructed before they retired, that if there were no expenses they should find nothing for expenses, held, that no prejudice resulted from the instructions; it not appearing that more than nominal damages were recovered.

4.  Trials—Instructions—Malicious Assaults—Punitive Damages, Instruction, Based on Preponderance of Evidence—Plaintiff's Supporting Testimony—Question for Jury—Evidence, Sufficiency, re Damages.

An instruction, in a suit for assault and battery, that if jury find by preponderance of evidence that defendant was actuated by ill will toward plaintiff, and that the assault, if any, was malicious, such damages by way of punishment might be awarded as jury might deem proper under evidence, was proper; since, if plaintiff's testimony was true—a question for jury—defendant not only assaulted plaintiff needlessly, but maliciously, and in wanton and brutal manner. Held, further, that the verdict for plaintiff is warranted by the evidence.

Bouck, Judge.

Appeal from Circuit Court, Day County. Hon. Thomas L.

Action by Albert Leggett, against Frank Dinneen, to recover damages for assault and battery. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Lewis W. Bicknell,* and *L. W. Crofoot,* for Appellant.

*Howard Babcock,* and *C. A. Wells,* for Respondent.

(4)   To point four of the opinion, Appellant cited:   13 Cyc. 112.

POLLEY, J.   This action is brought for the recovery of damages caused by an alleged assault and battery.   Verdict and judgment were for plaintiff, and defendant appeals.

Appellant is the proprietor of a hotel at Andover.   Respondent went into appellant's hotel and asked for a night's lodging. Appellant refused to keep respondent, and told him to get out. Just what took place immediately thereafter is in dispute.   Respondent testified that appellant came out from behind his desk, put his hand on respondent's shoulder, and they both walked towards the door; that appellant applied profane and abusive language to respondent; that, after they got outside the door and onto the porch in front of the hotel, appellant struck respondent twice on the head with a weapon of some kind; that said blows rendered him insensible; and that he knew nothing after the second blow until he was being helped up from the sidewalk by other parties. Appellant testified that, when respondent came into the hotel, he was dirty and filthy, and in a state of beastly intoxication; that he was using profane and indecent language; that he refused to leave the hotel when he was told to go; that it was necessary to eject respondent by force; that, as appellant forced respondent through the door, he staggered across the porch and stumbled down the steps to the sidewalk; and that any injury he may have suffered was occasioned by such fall.   It is not disputed, however, that respondent was rendered unconscious, either as a result of the blow on the head or by the fall to the sidewalk.   On the arrival of one of the witnesses who was on the opposite side of the street when the trouble occurred appellant was in the act of assisting respondent to get up from the sidewalk.   Respondent was very seriously and probably permanently injured.

[1]   At the trial there was offered and received in evidence

a club or billy made out of a piece of heavy steam hose about 16 inches long, with a wooden handle fastened to one end. This weapon was found on the sidewalk. It was first seen lying at appellant's feet when he was trying to help respondent up from the sidewalk. Respondent testified that this weapon resembled one that the appellant had in his hand when he ejected respondent from the hotel and with which appellant struck him on the head.

Appellant contends that said weapon was not sufficiently identified to entitle it to be received in evidence, and that its admission constituted prejudicial error. With this contention we cannot agree. While it is true that no witness testified positively to ever having seen appellant have said weapon in his hands or in his possession, and appellant denied that he ever had had it, respondent testified that appellant had a similar looking weapon, and that it resembled the weapon with which appellant struck him; and another witness testified that it resembled a weapon that he had seen in a saloon that had previously been conducted by appellant. This was a sufficient identification to warrant the admission of said weapon in evidence.

Appellant took exceptions to the ruling of the trial court on the admission of certain testimony offered by respondent. While we fail to see the materiality of some of the testimony objected to, we are unable to see how it in any wise prejudiced the rights of appellant. And certainly this testimony was not of such a character that the mere putting of the question to the witnesses was calculated "to inflame and prejudice" the jury, and thereby prevent appellant from having a fair trial.

[2]   At the close of all the testimony, the court permitted respondent, over appellant's objection, to amend his complaint. This is assigned as error. The amendment consisted of the addition of an allegation of facts which brought the case within the provisions of section 157, Code of Civil Procedure, known as the arrest and bail statute. It is respondent's theory that appellant made a willful and malicious assault upon him, and it is his contention that the evidence proves that appellant did make such an assault. Under this theory of the case and in view of the evidence as it stood at the time the amendment was made, the allowance thereof was clearly within the discretion of the trial court to allow amendments in the furtherance of justice or to

make the pleadings conform to the facts proved. Section 150, Code Civ. Proc. The fact that a different or additional remedy might be employed for the enforcement of a judgment under the amendment is wholly immaterial.

[3] The trial court instructed the jury that, in assessing plaintiff's damage, if any, they might take into consideration the nature, extent, and character of the injury sustained by him, including the expense, if any, occasioned by reason of such injury. Appellant excepted to this instruction on the ground that no evidence had been introduced showing or tending to show that any expense had been incurred. The court's attention was called to this instruction by appellant's counsel before the jury retired, and the court explained to the jury that the instruction meant:

"That if, under the evidence, there was no expense incurred by plaintiff, then, of course, there would be no expense to be found by the jury, and the jury is the sole judge of that and of the evidence."

And the court further told the jury:

"The court states to the jury that, if you find there were no expenses whatever, you will find nothing for expenses."

As no attempt had been made to show that any expenses had been incurred and no evidence was introduced that tend to show that any expenses had been incurred, no reference thereto should have been made in the instructions. But, with the explanation made by the court and the admonition to the jury, it cannot be inferred that any allowance for expenses was made by the jury in arriving at a verdict. Moreover, it does not appear that more than nominal damages were allowed by the jury, and therefore it is not possible that appellant was prejudiced by the instructions.

[4] Appellant excepted to the court's instructions upon the question of exemplary damages. This instruction was as follows:

"The court instructs the jury that, if they find by a preponderence of the evidence that defendant was actuated by hatred or ill will toward the plaintiff, and that the assault, if any, was malicious, you may also award the plaintiff such damages as under the evidence you think are proper by way of punishment to him for the assault. The jury, however, are instructed that the law is that exemplary damages or punitive damages should not be allowed or given in this case unless you find by a preponderance

of the evidence not only that the defendant struck the plaintiff, but also that he acted maliciously in so doing."

This instruction was proper under the evidence in the case. If the testimony of respondent was true—and whether it was true or false was a question solely for the jury—appellant not only assaulted respondent needlessly, but maliciously, and in a wanton and brutal manner. In such cases the jury may, if they think proper, assess exemplary or punitive damages against the defendant. 13 Cyc. 112, and cases cited.

[5] We believe appellant had a fair trial, and that the verdict is warranted by the evidence.

The judgment and order appealed from are affirmed.