PIERCE, Respondent, v. LYONS, Appellant.

(176 N. W. 521.)

(File No. 4603.   Opinion filed February 19, 1920.)

1.  **Malicious Prosecution—Prosecution for Grand Larceny—Previous Dismissed Prosecution Re Petit Larceny—Evidence Re Petit Larceny Proceedings, Admissible Re Motives, Malice**

In a suit for damages for malicious prosecution in charging plaintiff with grand larceny, held, that evidence of a dismissed petit larceny proceeding under which, in two cases, defendant had charged plaintiff with committing petit larceny, was admissible on question of motive, and as tending to corroborate plaintiff's claim that he was using defendant's team and wagon by permission because petit larceny charge made no reference to the team; that the previous prosecution and dismissal of plaintiff for larceny involving identical articles tended to show malice in the later prosecution.

2.  **Malicious Prosecution—Prosecutions for Petit, Then Grand Larceny—Identity of Items Re Two Complaints, Requiring Defendant to Testify, Whether Fact or Conclusion.**

It was not error to require defendant, in a suit for damages for malicious prosecution in charging plaintiff with petit then

later with grand larceny, (the former prosecutions having been dismissed prior to institution of latter) to testify that the two complaints related to the same transaction, and as to identity of some items in the two complaints; this against objection that the testimony was a mere conclusion of witness; defendant having verified both complaints; that his testimony relates to facts, not conclusions.

3. **Damages—Malicious Prosecution—Plaintiff's Time Lost Re Defending Prosecution, Relevancy—Attorney's Fees, Failure to Prove Value, Effect.**

In a suit for damages for malicious prosecution, evidence of plaintiff's time lost by reason of the prosecution and its value was properly admitted; and, the evidence showing certain attorney's fees paid by him for defending the criminal prosecution, the objection that there was no evidence of the reasonable value thereof, is unavailing (following Ellwein v. Town of Roscoe, 42 S. D. 298, 174 N. W. 7148.

4. **Evidence—Malicious Prosecution—Defendant's Further Testimony Re Attempted Disposal of Defendant's Property, Excluding Same, Whether Prejudicial Error.**

Where, in a prosecution for damages for malicious prosecution, defendant had already testified to plaintiff's carrying away and attempting to dispose of defendant's personalty previous to arrest, it was not prejudicial error to exclude further testimony offered on question of probable cause; the excluded testimony relating merely to details of matters already testified to.

5. **Evidence—Malicious Prosecution, Reliance on Counsel's Advice, Version Told Attorney, Variance Re Evidence, No Exception, Effect.**

While in absence of objection to instructions involved in assignments of error concerning appellant's reliance on advice of counsel, in his suit for damages for malicious prosecution, the question is not properly before Supreme Court on appeal; the suggestion is made that, as in Wren v. Rehfield, 37 S. D. 201, the version of the affair told prosecuting attorney by appellant was not that established by respondent's evidence.

6. **Appeal—Malicious Prosecution, Evidence, Sufficiency—Full Disclosure to Defendant's Counsel, Reliance on, Probable Cause, Question for Court.**

In raising question of sufficiency of evidence to sustain verdict for plaintiff in a suit for malicious prosecution, appellant rightly contends that when undisputed evidence was that defendant made full and fair disclosure of facts to counsel, upon which he in good faith relied, there being no evidence of malice other than proof of acquittal, proof of probable cause is matter of law for court. Held, further, the version given by defendant to State's Attorney not being that established by re-

spondent's evidence, and there being other evidence tending to show defendant's malice, court did not err in refusing to direct verdict for defendant; and verdict for plaintiff was justified.

   Polley, J., dissenting.

Appeal from Circuit Court, Brown County. Hon. FRANK ANDERSON, Judge.

Action by Henry Pierce, against John J. Lyons, to recover damages for malicious prosecution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Van Slyke & Bartlett,* for Appellant.

*Williamson, Williamson & Smith,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Lamb v. Galland, 44 Cal. 611; Perkins v. Spaulding (Mass.), 65 N. E. 72.

Respondent cited: Comfort v. Morwood (N. D.), 158 N. W. 258; Magner v. Renk (Wis.), 27 N. W. 26; 26 Cyc. 100.

(3)   To point three, Respondent cited: 26 Cyc. 63.

(5)   To point five, Appellant cited: Krause v. Bishop, 18 S. D. 301.

(6)   To point six, Appellant cited: Krause v. Bishop, 18 S. D. 302; Neys v. Taylor, 125 S. D. 493; Booraem v. Potter Hotel Company (Cal.), 97 Pac. 65.

Respondent cited: Wren v. Rehfield, 37 S. D. 201, 157 N. W. 323; Comfort v. Morwood (N. D.), 158 N. W. 258.

GATES, J. Action for damages for malicious prosecution. From a judgment in favor of plaintiff for $500 and costs, and from an order denying new trial, defendant appeals.

The evidence on the part of plaintiff, which, though in some respects contradicted, we must take as true for the purposes of this appeal, tended to show the following situation: Plaintiff and wife were employed by defendant to work on the farm of defendant north of Rudolph, in Brown county, for the season of 1918. It was agreed that the wife was to do the cooking and housework and was to have half of the chickens raised. Plaintiff and wife stayed on the farm from February 13 to May 8, 1918, and the wife raised 80 chickens. On the Friday before May 8th defendant discharged plaintiff and wife.

Plaintiff attempted to get the money due him, but defendant would not pay it all. Plaintiff told defendant he did not have money to ship his goods by rail to Northville, where he had a job; and said he would have to use defendant's team. Defendant said, "All right," but kept putting him off about the money. On May 8th plaintiff loaded his goods and 18 chickens on defendant's wagon, covered them with a blanket and two bed comforters to keep off the dew and rain the night before, and with defendant's team drove to Northville. On the road a dog belonging to one Foster joined and followed them. After plaintiff had unloaded his property at Northville, defendant came and took him before a justice of the peace at Northville. Plaintiff was discharged, and defendant took his team and belongings back to the farm. On the same day defendant filed a complaint in the municipal court of Aberdeen, charging plaintiff with petit larceny, viz., with stealing 18 chickens, two blankets, and a shepherd dog. Plaintiff was again arrested and brought before the court, and on motion of the state's attorney was discharged. On June 11, 1918, defendant filed complaint in the same court charging plaintiff with grand larceny, viz., with stealing two horses, a hayrack, a wide tire wagon, 18 chickens, a horse blanket, and two bed comforters. Plaintiff was again arrested and brought before the court and on motion of his attorney was discharged.

[2] The complaint in this case was based upon the arrest under the grand larceny charge only. Appellant complains of the receipt in evidence of the petit larceny proceedings. Such evidence was admissible on the question of motive. It was also evidence tending to corroborate respondent's claim that he was using appellant's team and wagon by permission because the petit larceny charge made no reference to the team. The previous prosecution and dismissal of respondent for larceny involving identical articles tended to show malice in the later prosecution. Magmer v. Renk, 65 Wis. 364, 27 N. W. 26; Comeford v. Morwood, 34 N. D. 276, 158 N. W. 258. Appellant also claims error in requiring him to testify that the two complaints related to the same transaction and as to the identity of some of the items in the two complaints claiming that such testimony was a mere conclusion of the witness. Appellant

verified both complaints.   His testimony related to facts, not conclusions.

[3]   Complaint is next made that error was committed in allowing evidence that respondent lost two days' time valued at $4 by reason of the prosecution, and that error was committed in submitting to the jury the·question of recovery of $45.95 attorney's fees paid by him for defense of the grand larceny charge, because there was no evidence that such sum was the reasonable value thereof.   We do not think the first point merits consideration.   The second point was disposed of in Ellwein v. Town of Roscoe, 174 N. W. 748.

[4]   Appellant claims that prejudicial error was committed in refusing him permission to show that at a time previous to his first arrest he had caught respondent carrying away and attempting to dispose of personal property belonging to appellant.   He claims that such excluded testimony was admissible on the question of probable cause.   Appellant had already been permitted to testify upon that subject generally.   The excluded testimony related to details of the matter that were scarcely material to the question at issue.   At least we can see no prejudicial effect from the rulings.

[5]   Appellant next discusses the question of his reliance upon advice of counsel; but, as there were no exceptions to the instructions upon which the assignments of error under this head were based, the question is not properly before us.   Suffice it to say that in this case, as in Wren v. Rehfeld, 37 S. D. 201,·157 N. W. 323, the version of the affair told the prosecuting attorney by .appellant was not the version established my respondent's evidence.

[6]   Lastly, appellant alleges error in the court's refusal to direct a verdict for him and insufficiency of the evidence. Appellant rightly contends that, when the undisputed evidence shows that the party causing the arrest made a full and fair disclosure of the facts to counsel, and then in good faith relied upon the advice of counsel, and there is no evidence of malice other than proof of acquittal, then the question of probable cause is a matter of law for the court to decide.   Krause v. Bishop, 18 S. D. 298, 100 N. W. 434.

In this case, as above stated, the version of the facts

related to the state's attorney was not the version established by respondent's evidence, and besides there was other evidence tending to show malice on the part of appellant. The court did not err in refusing to direct a verdict. Neither was 'the evidence insufficient to justify the verdict.

The judgment and order appealed from are affirmed.

POLLEY, J., dissents.