BRAATHEN, Respondent, v. WELLER, Appellant.

(182 N. W. 637.)

(File No. 4829.   Opinion filed April 25, 1921.)

1. **Malicious Prosecution—Forcible Entry, Detainer, Magistrate's Finding No Offense Committed, As Proof of Arrest Without Probable Cause.**

   Where a committing magistrate, upon examination of the charge under Sec. 3952, Code 1919, making forcible entry upon or detention of land, etc., a misdemeanor, found and determined that no public offense had been committed, and discharged defendant and terminated the prosecution, such action was proof of arrest without probable cause.

2. **Same—Question of Malice Re Prosecution, One of Fact For Jury.**

   The question whether or not one acted maliciously in starting a criminal prosecution and causing another's arrest, is a question of fact for determination by jury.

3.  **Same—Land Entry · Under Conditional Lease, Prosecution · For, Groundless.**

There being little if any material conflict in evidence, which shows that plaintiff entered defendant's premises with his consent under a conditional lease, defendant's charge of malicious prosecution based thereon was groundless.

4.  **Same—Advice of State's Attorney and Other Counsel—Communication of Facts, Good Faith, Question For Jury.**

Whether or not a party communicated to State's Attorney and other lawyers with whom he advised, all facts known to him bearing on guilt of accused, or whether accused acted in good faith upon such advice, are questions of fact for jury.

Appeal from circuit court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by Borghild Braathen, against Frank Weller, to recover damages for malicious prosecution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Spangler & Wire,* for Appellant.

*W. W. Reams,* and *H. G. Giddings,* for Respondents.

(4) To point four of the opinion, Appellant cited: Jackson v. Bell, 5 S. D. 257; Vander Linden v. Oster, 37 S. D. 113; Krause v. Bishop, 18 S. D. 298; 18 L. R. A. (N. S.) 49, and notes; 39 L. R. A. (N. S.), 207 and notes.

McCOY, J. In this action for malicious prosecution there was verdict and judgment in favor of plaintiff, from which judgment defendant appeals.

[1] The principal contention of appellant is that the evidence was insufficient to sustain the verdict. It appears from the record that appellant caused the arrest of respondent on a criminal charge based on the provisions of section 3952, Code 1919, providing that every person guilty of using or procuring, encouraging or assisting, another to use, any force or violence in entering upon or detaining any land or other possession of another, except in the cases and manner allowed by law, is guilty of a misdemeanor. Upon an examination of said charge, the court found and determined that no public offense had been committed, and discharged respondent, and terminated said prosecution. This fact was sufficient proof that the arrest was without probable cause.

[2]    The question as to whether or not appellant acted maliciously in starting said prosecution and causing the arrest of respondent was a question of fact to be determined by the jury.

[3]    There was but little, if any, material conflict in the evidence, from which it appears that respondent entered the possession of appellant's said premises by and with the consent of appellent under a conditional lease, and that the charge contained in the complaint on which respondent was arrested was wholly groundless. 'Appellant also contends that he acted, in instituting said prosecution and causing said arrest, upon the advice of the state's attorney and other competent lawyers. Whether or not a party communicates to counsel all the facts bearing upon the guilt of the accused known to him, or whether or not the accused was acting in good faith upon the advice of counsel, are purely questions of fact to be determined by the jury. Larsen v. Johnson, 178 N. W. 876; Malloy v. C., M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598; Pierce v. Lyons, 176 N. W. 521. We are at a loss to understand how any attorney could or would advise a prosecution if they had been placed in possession or informed of the conceded facts shown by the evidence on the trial. We are of the opinion that there was ample evidence to sustain the verdict and judgment appealed from.

We have carefully examined all other assignments, and are of the opinion that no prejudicial error appears from the record.

The judgment and order appealed from are affirmed.