WADLINGTON, Respondent, v. COYNE, Appellant.

207 N. W. 539.)

(File No. 5629.   Opinion filed March 5, 1926.)

1.  Witnesses—Cross-Examination—Trial—Where Recovery Depended
    on Plaintiff's Uncorroborated Testimony, Question on Cross-
    Examination, if He Did Not Once Give an Assumed Name, Er-
    roneously Excluded.

    Where recovery against defendant depended on plaintiff's un-
    corroborated testimony, it was error to exclude question on
    cross-examination if he did not in a certain business transaction
    introduce himself by an assumed name, as going to his veracity.

2.  Witnesses—Reputation—Where Recovery Depended on Which
    Party Was the Aggressor in a Fight, it Was Improper to Ask
    Plaintiff if He Had Certain Other Fights a Quarrelsome Dispo-
    sition Being Proved by Repute.

    Where plaintiff's recovery depended on which of the parties
    was aggressor in a fight between them, it was improper to ask
    plaintiff on cross-examination if he had not had certain other
    fights. as a quarrelsome disposition must be proved by repute.

3.  Evidence—District and Prosecuting Attorney—State's Attorney's
    Testimony as to Whether He Acted on His Own Judgment in
    Prosecuting Not a Conclusion.

    In suit for malicious criminal prosecution for assault and
    battery, it was error to exclude as a conclusion state's attor-
    ney's testimony as to whether or not be acted on his own judg-
    ment in prosecuting.

4.  Malicious Prosecution—Instructions—Charge That Verdict of Not
    Guilty Was Not Conclusive of Want of Probable Cause, But
    Might be Considered, Was Error.

    In suit for malicious prosecution, it was error to charge that
    the verdict of not guilty was not conclusive evidence of want
    of probable cause but might be considered; it being no evidence
    of that whatsoever.

5.  Malicious Prosection—Damages—Instructions—Instruction That
    Malice Might Be Inferred From Lack of Probable Cause Was
    Misleading Without Adding That Such Inference Would Not
    Sustain Punitive Damages.

    lu suit for malicious prosecution, an instruction that malice
    might be inferred from lack of probable cause, without adding
    that malice to sustain exemplary damages could not be in-
    ferred, was misleading.

6.  Malicious Prosecution—Instructions—Instruction That, if Defend-
    ant Acted Maliciously, Advice of Counsel Was No Defense,

Was Misleading, as Permitting Recovery Nothwithstanding Probable Cause.

In suit for malicious prosecution, an instruction that, if defendant were actuated by malevolent intent to injure plaintiff, advice of counsel was no defense, was misleading, as it permitted finding for plaintiff regardless of whether defendant had probable cause.

7. Trial—Conversion—Instructions.

In conversion, an instruction that defendant converted plaintiff's corn was error; defendant's ownership and right of possession being issues.

Dillon, J., dissenting.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH. Judge.

Action by Walter J. Wadlington against W. J. Coyne. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Judgment and order reversed.

*T. J. Spangler* and *C. L. Morgan,* both of Mitchell, for Appellant.

*G. J. Danforth,* of Sioux Falls, and *Lauritz Miller,* of Mitchell, for Respondent.

(3) To point three of the opinion, Appellant cited: Larson v. Johnson (S. D.), 197 N. W. 230; Maloy v. Ry. Co., 34 S. D. 330.

Respondent cited: Wren v. Rehfield, 37 S. D. 201, 157 N. W. 323.

(4) To point four, Respondent cited: Toth v. Greisen (N. J.), 51 Atl. 927; Smith v. Glynn. 144 S. W. 149; Fetty v. Huntington Loan Co., 74 S. E. 956; Grorud v. Lossl, 48 Mont. 274, 136 Pac. 1069; Miller v. Walker (Neb.), 92 N. W. 1014; Warring v. Hudspeth (Wash.), 135 Pac. 222, 3 L. R. A. (N. S.) 929.

(5) To point five, Respondent cited: Kansas etc. Coal Co. v. Galloway, 71 Ark. 351, 74 S. W. 521; Christian v. Hanna, 58 Mo. App. 37; Winn v. Peckham, 42 Wis. 493; Carroll v. Central R. Co., 134 Fed. 684; Whitfield v. Westbrook, 40 Miss. 311.

POLLEY, J. The complaint in this case sets out three causes of action: One for malicious prosecution for starting a criminal action against plaintiff; one for starting a civil action; and one

for the conversion of personal property. Plaintiff had judgment on the first and third causes, and defendant appeals.

[1]   At the trial plaintiff was a witness on his own behalf and on cross-examination was asked if he did not in a certain business transaction introduce himself by a name other than his own.   The trial court sustained an objection to the question on the ground that it was not proper cross-examination.   We believe the witness should have been permitted to answer this question. We are not unmindful of the very liberal rule that places the extent of the cross-examination of a witness so largely within the discretion of the trial judge.   But in this case plaintiff's right of recovery depended wholly upon who had been the aggressor in a personal encounter that took place between plaintiff and defendant. Each of them testified that the other started the fight.   Defendant's testimony was corroborated by several disinterested witnesses and by all the surrounding circumstances.   Plaintiff's testimony was wholly uncorroborated, therefore the issue depended wholly upon plaintiff's veracity.   This question went directly to his veracity.   Going under an assumed name is practicing deceit and dishonesty.   A jury knowing of such practice might doubt the word of a witness, although in the absence of such knowledge they might believe him.   In other words, this fact alone might turn the scale.

In State v. Sysinger, 125 N. W. 879, 25 S. D. 110, Ann. Cas. 1912B, 997, the state was permitted, on cross-examination, to ask the defendant if he had not, on a previous occasion, gone under an assumed name.   This court, in holding that it was not error to permit the witness to answer, said:

"The state has a right to ask the witness any question that would affect his credibility.   If the defendant lived under an assumed name in the community, or was known by another name than the one under which he was arrested, it would seriously tend to affect his credibility as a witness on the stand"—citing State v. Ekanger, 80 N. W. 482, 8 N. D. 559; Territory v. O'Hare, 44 N. W. 1003, 1 N. D. 30.

True, it does not necessarily follow that because it was not error to receive this testimony in the one case it was error to exclude it in another, but as a general rule it is error to exclude any testimony that is competent and material.

Whether the error in excluding the answer to the above question would alone warrant a reversal of the judgment in this case it is not necessary to decide. The case must be reversed on other grounds to be noted hereafter, and attention is called to this question in order that the same error may be avoided in case of another trial.

[2] The plaintiff on cross-examination was asked if he did not, on a specified occasion, have a fight with a certain designated person; and also if on another occasion he did not get into a fight with some kids. The trial court sustained objections to these questions on the ground they were not proper cross-examination, These questions do not go to the credibility of the witness as the former question does. The witness may have had the fights referred to in these questions, and he may have been the aggressor on both occasions; but these facts would not warrant the inference that he had been the aggressor in his fight with defendant nor that he was dishonest. If defendant wished to show plaintiff's fighting, quarrelsome disposition, he should have proved his general reputation in that respect the same as he did his general reputation for dishonesty.

[3] . The complaint in the assault and battery case was prepared by the state's attorney, and signed; by defendant, on the advice of the state's attorney. On the trial the state's attorney was asked the following question:

"In getting out the complaint and warrant did you do that upon your own judgment, or did you do it because it was requested?"

Also:

"After consulting these several witnesses and at the time the case was set for trial, was it then your judgment to proceed with the prosecution of the case for assault and battery?"

These questions were excluded on the ground that they called for the conclusion of the witness. It was error to exclude this testimony. In discussing this feature of the case in Larsen v. Johnson, 197 N. W. 230, 47 S. D. 202, we said:

"Whether or not a party communicates to counsel all the facts bearing upon the guilt of the accused known to him, or whether or not the accuser in good faith acted upon the advice of such counsel, are questions of fact to be determined from evidence.

Likewise, whether or not the state's attorney based the prosecution on his personal investigation or on the statements of the accuser is also a question of fact to be determined from evidence."

In this case it is the contention of appellant that the facts were fully and fairly stated to the state's attorney and that the state's attorney was acting on his independent judgment when he instituted the prosecution. Upon these questions appellant and the state's attorney should have been permitted to testify. While to a certain degree the question called for the conclusions of the witness, they also called for a material ultimate fact in the case. Respondent had the privilege either on cross-examination or otherwise to show what appellant actually did state to the state's attorney, and what knowledge the state's attorney had upon which to base his judgment. And upon this point, if the state's attorney consulted the witnesses, aside from the respondent, as he said he did, and they narrated the facts to him as they afterwards did on the witness stand, then he had sufficient probable cause to warrant him in going ahead with the prosecution, and it is not material what appellant told him or what his motives may have been.

[4] The defendant excepted to the following instruction given by the trial court:

"The verdict of not guilty in the municipal court does not establish the fact of want of probable cause. It is merely a circumstance which you may take into consideration as to whether or not there was want of probable cause; that is, in connection with all the other evidence. It is not conclusive. It is just simply an item you may consider in connection with all of the other evidence in the case in determining whether there was want of probable cause."

This instruction is clearly a misstatement of the law. Want of probable cause is not to be inferred from the verdict of not guilty. The most that can be inferred from an acquittal is that the evidence submitted on the criminal trial did not prove "beyond a reasonable doubt" that plaintiff was guilty. The wording of this instruction is especially vicious. To tell the jury that the verdict of not guilty was not conclusive evidence of want of probable cause, on the part of defendant was the equivalent of telling them that, while the verdict of not guilty was not conclusive evidence of want of probable cause, it was very strong evidence of want of

probable cause. In Newell on Malicious Prosecution, § 8, the law is stated as follows:

"The want of probable cause is the essential ground of the action. Other grounds or essentials. may be inferred from this; but this can never be inferred from anything else. It must be established by positive and express proof. It is not enough to show that plaintiff was acquitted of the charge preferred against him, or that defendant had abandoned the prosecution. But the burden of proof is upon the plaintiff, to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no ground for commencing the prosecution.

[5]   Error is predicated upon the following instruction:

"Malice is an essential element of malicious prosecution. Want of probable couse without malice is not sufficient. However, if the evidence shows that there was no probable cause, the jury may infer malice, but are not bound to do so. Whether or not the inference of malice from want of probable cause should be drawn by the jury is to be determined in view of all the other evidence in the case."

This instruction is misleading. The jury was correctly told that malice is an essential element of malicious prosecution; but the court should have added the well-established exception that the malice necessary to justify exemplary or punitive damages could not be inferred from want of probable cause.

[6]   Appellant excepted to the instruction of the court upon the effect of consulting an attorney before commencing the criminal prosecution. This instruction is misleading, confusing, and erroneous. In so far as it relates to the necessity of consulting an attorney, it goes into matters that are in no way involved in this case, for no question is raised but that an attorney was consulted. The portion of the instruction which states that, if the facts show that, notwithstanding the advice of counsel, defendant was actuated by a malevolent intent to injure, vex, or annoy plaintiff, advice of counsel is no defense, is misleading in that in substance it permits the jury to find for plaintiff if they believed defendant acted maliciously, regardless of whether he might have had probable cause.

[7]   Appellant excepted to the following instruction:

"There is no question but what the defendant took and converted some corn that belonged to the plaintiff."

This instruction is erroneous because whether the defendant owned or had a right to the possession of the corn in question is one of the issues in the case.

The judgment and order appealed from are reversed.

DILLON, J. (dissenting). The plaintiff, a disabled World War veteran, under the doctor's care at the time of the acts complained of, was a tenant residing on a farm near Ethan, this state, under a written lease. In August, 1921, the defendant employed one Satterlee, the state's attorney of Davison county, to act for him in the matters growing out of the leasing of said premises. On November 29, 1921, there occurred a heated dispute between the plaintiff, the defendant, and the defendant's father. A day or two following, the plaintiff and the defendant met in the town of Ethan, and after a few words plaintiff claims he was struck by defendant. The defendant testified that when he met the plaintiff and his brother, they pulled off their coats, coming towards him, and he, anticipating what was about to happen, ran back, followed by the Wadlingtons, and before he could escape was attacked by the plaintiff.

It is undisputed that some fighting took place in Ethan; that several persons appeared, and the defendant and plaintiff separated with very slight, if any, real physical injury. The defendant and his father went to Mitchell on the following day, told their troubles to the state's attorney, who prepared a complaint which was sworn to, charging the plaintiff with the crime of assault and battery. Upon this complaint a warrant was issued, and plaintiff was arrested and held in custody, but later released on bail. He was then tried before a jury on the assault and battery charge, which action resulted in a verdict of "not guilty."

In the meantime a civil action was commenced by the defendant against the plaintiff, in which an application for the appointment of a receiver for the leased premises was made. After the criminal case was decided, the plaintiff commenced the present action, alleging three causes: One for malicious prosecution founded on the criminal action; one for malicious prosecution founded on the civil action; and one for the conversion of certain

grain grown upon the leased premises. When plaintiff vacated said premises in March, 1922, it appears that he left his share of the grain there. On returning a few days later, he found that the corn had been hauled away and sold by the defendant without any legal proceeding whatsoever. The jury passed upon these issues and found for the plaintiff on the first cause (that of malicious prosecution founded on the criminal action), assessing actual damages at $900 and exemplary damages at $100; the court directed a verdict on the second cause for the defendant, because the civil action had not yet been determined and there was no way of knowing whether or not defendant had started such action rightfully or wrongfully; upon the third cause the jury found for the plaintiff, assessing damages at $499.80, for the conversion of certain grain. Motion for a new trial being denied, this appeal is from such judgment and order denying new trial.

Plaintiff contends that the defendant is guilty of malicious prosecution in suing out the criminal charge of assault and battery; that defendant maliciously attempted to obtain the appointment of a receiver to take charge of plaintiff's property; that defendant sold certain grain belonging to plaintiff, and appropriated the proceeds.

Defendant contends that he prosecuted the plaintiff on the charge of assault and battery upon the advice of State's Attorney Satterlee, after he had presented the facts to said state's attorney; that there is no evidence to show that said action was taken for the purpose of harassing and annoying the plaintiff, and no evidence that said action was prompted by malice, hatred or ill will; that the corn converted was less than his share of the crop; and that he was not guilty of conversion of the corn crop regardless of the question of division.

"If the plaintiff's version was correct, then the defendant had no right to cause the plaintiff's arrest on a charge of assault and battery. That was an issue of fact for the jury to determine. In order that the advice of the counsel might be available as a defense, it was the duty of the defendant to state the true facts to such counsel. The facts being in dispute, it was a question for the jury to determine whether or not the defendant had truthfully stated the facts to the state's attorney." In his testimony, State's Attorney Satterlee states as follows:

"Prior to the time I drew up the complaint and had the warrant issued, and when Coyne consulted me as state's attorney, I was also acting as his private attorney to prepare some civil proceedings against Mr. Wadlington."

26 Cyc. 32:

"The advice to avail as a defense must have been given by a competent, disinterested, regularly admitted and practicing attorney and counselor at law in good standing who is not the defendant himself, but another attorney, selected in good faith."

26 Cyc. 30:

"If all the facts and circumstances under which he acted show that there was no probable cause for his conduct, or that his belief was groundless, or could not have been formed without gross ignorance, or negligence, his belief in guilt is no defense."

26 Cyc. 34:

"It must appear what information was in fact imparted so that the jury may determine whether it was a full, truthful statement of all the facts."

The case presents eleven assignments of error. Assignments 1, 2, 3, have to do with the exclusion of certain testimony. It was all improper cross-examination, and we fail to see how defendant was prejudiced by the exclusion of this testimony.

Assignments Nos. 4 and 5 predicate error on the exclusion of certain testimony. Both questions asked called for a conclusion of the witness, and as such were not admissible.

Assignment No. 6 predicates error in the refusal of the lower court to grant defendant's motion for a directed verdict on the first cause of action. This is wholly without merit. The evidence at the trial tended to show that plaintiff was maliciously prosecuted, and it was a question properly left to the jury to determine.

Assignment No. 7 contends that the court erred in each of its instructions to the jury. The first instruction was that the jury might consider the verdict of acquittal in the municipal court in determining whether there was a want of probable cause. I think this instruction was wholly proper and not in any manner prejudicial to defendant. I do not think the second portion of the charge to the jury was uncertain and misleading; the question of malice was one properly left to the jury. In the third part of the charge, the court simply called the attention of the jury to the

material issues involved in the case and allowed the jury to weigh the testimony as affecting the criminal prosecution and as bearing upon the probable cause of instituting the prosecution against the plaintiff. I do not think appellant's criticism of the fourth portion of the charge to the jury is justified. This again involves the question of malice, and this was a question of fact properly submitted to the jury. The question of exemplary damages was one properly left to the jury. The sixth exception to the charge is wholly without merit. The evidence clearly showed that some of defendant's corn had been converted by appellant, and I fail to see error in so instructing the jury.

Assignments 8, 9, 10, and 11 all relate to the different elements of damages upon which the three causes of action were based, and are without merit.

It appears that there is no question but what these various issues were properly presented to the jury by the court, in view of the fact that the two juries found for the plaintiff, and there being sufficient legal evidence to support the finding of the jury.

I think the judgment of the lower court should be affirmed.