Dale BUCHER, Plaintiff and Appellant,

v.

Richard F. STALEY, Defendant and Appellee.

No. 12607.

Supreme Court of South Dakota.

Argued April 21, 1980.

Decided Oct. 22, 1980.

Rehearing Denied Nov. 26, 1980.

---

John E. Burke, Sioux Falls, for plaintiff and appellant; John N. Gridley, III, Sioux Falls, on brief.

G. J. Danforth, Jr., of Danforth, Danforth & Johnson, Sioux Falls, for defendant and appellee.

ANDERST, Circuit Judge.

This is an action for malicious prosecution. It originates from a mental illness proceeding initiated by the appellee against the appellant. From a jury verdict in favor of the appellant, the trial court entered a judgment n. o. v. We reverse.

Appellant and appellee had known each other for several years on a social basis. When appellant and his wife incurred marital difficulties, appellant's wife and family moved in with appellee and his family. Altercations occurred between appellant and appellee involving verbal abuse, threats and force. Several argumentative and threatening telephone conversations were also held between appellant and appellee and his family members.

Appellee, a practicing attorney, made an appointment to see the deputy state's attorney in charge of mental illness hearings to discuss bringing an action against appellant. Appellee disclosed to her the same facts and information he testified to at trial. After their meeting, the deputy state's attorney prepared an application for emergency treatment alleging appellant to be mentally ill, which was signed by appellee under oath. Upon receipt of the application, the chairman of the county board of mental illness issued an emergency warrant for detention. Appellant was detained and placed in custody. Several weeks later following a hearing the proceeding was dismissed.

Appellant then instituted suit against appellee for malicious prosecution. The case came on regularly for trial. All issues were submitted to a jury after the court had properly instructed them as to the law. The jury returned a general verdict in favor of appellant and against appellee in the sum of $30,000. Appellee moved for judgment notwithstanding the verdict, which after a hearing, was granted, the trial court entering a judgment dismissing appellant's complaint.

Appellant has raised the following issues on appeal: (1) The trial court erred in granting judgment notwithstanding the verdict because the question of probable cause was properly an issue for the jury; (2) The trial court erred in not allowing appellant to amend his pleadings to conform to the proof by adding exemplary damages; and (3) The trial court erred in granting a conditional order for new trial, since the damages awarded, properly considered, are not excessive.

Appellee argues the trial court was correct in ruling the question of probable cause was a question of law rather than fact, especially in this case where appellee also had the defense of advice of counsel and the protection of SDCL 27A-9 2.[1] At first glance it would appear that we have arrived at irreconcilable opinions concerning this issue in the past. However, a careful review of the cases shows that we have followed an established distinction. In our first decision on the issue, *Jackson v. Bell*, 5 S.D. 257, 264 65, 58 N.W. 671, 673–74 (1894), we set out the following general rule:

> The question of probable cause is a mixed question of law and fact, and when such a defense is alleged, and evidence has been offered in relation thereto, its credibility is to be considered and determined by the jury, under proper instructions as to what facts, if they exist, constitute or fail to constitute probable cause; and when, as in this case, the defendant's belief of the facts relied on by the plaintiff to prove a want of probable cause is essential, it is always a question of fact to be submitted to the jury for determination.

We followed with *Krause v. Bishop*, 18 S.D. 298, 300, 100 N.W. 434, 435 (1904):

> Whether or not the facts, when so undisputed, constitute probable cause, or

1. Repealed by 1977 S.D. Sess. Laws ch. 189, § 126.

whether or not, where the defendant acted upon the advice of counsel, after a full statement of the facts to him, and there is no evidence that the defendant acted maliciously or in bad faith, other than proof that the plaintiff was acquitted, the defendant is protected, are questions of law for the court.

In *Malloy v. Chicago, M. & St. P. Ry. Co.*, 34 S.D. 330, 148 N.W. 598 (1914), we held that the trial court was correct in ruling on the question of probable cause where the record failed to reveal any substantial conflicts in the testimony. Next, in *Wren v. Rehfeld*, 37 S.D. 201, 204, 157 N.W. 323, 324 (1916), we said, "[W]hen there is a substantial conflict in the evidence as to the facts, then the questions of probable cause and of acting under advice of counsel are for the jury." This was followed by *Pierce v. Lyons*, 42 S.D. 543, 176 N.W. 521 (1920), wherein we held that if there were conflicts in the evidence, probable cause was a question of fact for the jury.

■ From these early cases, two lines developed, one holding it a question of fact for the jury, *Huntley v. Harberts*, 264 N.W.2d 497 (S.D. 1978); *Kirby v. First Nat. Bank of Vermillion*, 64 S.D. 404, 266 N.W. 883 (1936); *Larsen v. Johnson*, 47 S.D. 202, 197 N.W. 230 (1924); *Braathen v. Weller*, 44 S.D. 118, 182 N.W. 637 (1921); *Larsen v. Johnson*, 43 S.D. 223, 178 N.W. 876 (1920); the other holding it a question of law, *McIntyre v. Meyer*, 81 S.D. 417, 136 N.W.2d 351 (1965); *Kunz v. Johnson*, 74 S.D. 577, 57 N.W.2d 116 (1953); *Brown v. Keyes*, 54 S.D. 596, 223 N.W. 819 (1929). The distinction between these two lines of cases is that if the evidence or facts to be drawn therefrom are clear and undisputed, the question is one of law, but if the evidence or the inferences to be drawn therefrom are disputed, it becomes a question for the jury. In cases with undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, but if the facts are in conflict and reasonable minds could reach different conclusions, it is for the jury's determination after proper instruction by the court. The question of probable cause may be one of law or one of fact,

depending upon the circumstances in each case.

■ Advice of counsel does not necessarily shield a person against a charge of malicious prosecution. *Huntley v. Harberts*, supra. To constitute a good defense, the advice of counsel must have been sought in good faith, from honest motives, and for good purposes, after a full and fair disclosure of all facts within the accuser's knowledge and information, and the advice received must have been followed in good faith. *Jackson v. Bell*, supra; *Kunz v. Johnson*, supra. If the facts are undisputed, it is a question of law, *Kunz v. Johnson*, supra, but when the facts are in dispute, it is a jury question. *Wren v. Rehfeld*, supra.

■ Likewise, immunity granted by statute is not absolute. A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. *Kunz v. Johnson*, supra. As we said in *Krause v. Bishop*, supra, the law must be enforced; human agencies must be employed for that purpose; and the law wisely protects all persons who act in good faith and upon reasonable presumptions. The question whether or not a person acted maliciously in starting a prosecution and causing the arrest of another is a question of fact to be determined by the jury. *Braathen v. Weller*, supra.

■ Both parties agree there were material conflicts in the facts presented. The trial court was correct in the first instance in submitting the questions of probable cause and the defenses of advice of counsel and protection of statute to the jury for their determination after properly instructing them. No useful purposes would be served by our commenting on or setting forth the evidence, which we think is sufficient to sustain the jury's verdict.

■ After the parties had submitted their evidence and before settlement of the instructions, appellant moved to amend his complaint to conform to the evidence by adding to his prayer for relief a claim for

exemplary damages.[2] The trial court denied the motion to amend as not being timely. The allowance of an amendment to the pleadings is within the sound discretion of the trial court, *Leggett v. Dinneen*, 40 S.D. 336, 167 N.W. 235 (1918), and unless there has been an abuse of such discretion, this Court will not interfere with the exercise of that discretion. *Edwards v. Chicago, M. & St. P. Ry. Co.*, 21 S.D. 504, 110 N.W. 832 (1907). The test for allowing an amendment under SDCL 15-6-15(b) is whether the opposing party will be prejudiced by the amendment; i. e., did he have a fair opportunity to litigate the issue, and could he have offered any additional evidence if the case had been tried on the different issue. *American Property Services v. Barringer*, 256 N.W.2d 887 (S.D. 1977). We find no abuse of discretion by the trial court in denying the motion to amend.

The trial court, after ordering the judgment notwithstanding the verdict under the provisions of SDCL 15-6-50(c), further ordered that if the judgment n. o. v. were thereafter vacated or reversed, a new trial would be granted on the grounds that the damages were excessive and appeared to have been given under the influence of passion or prejudice.

A person who has been prosecuted maliciously and without probable cause may recover for the expense to which he has been put as well as for the injury to his feelings or personal mortification. *Jackson v. Bell*, supra. The instructions of the court allowed the jury to award damages based upon appellant's (1) humiliation, embarrassment and mental anguish; and (2) expenses of defending himself against the mental illness petition. The evidence, taken in the light most favorable to appellant, shows actual out-of-pocket damages in excess of $4,000. Appellant was also unable to sleep; he was unable to concentrate on his work, which suffered; and he was extremely distraught. There being no accurate means of measuring the detriment suffered by the victim in actions of this

character, the law from necessity leaves the assessment of damages to the unbiased judgment and common sense of the jury, according it broad discretion. Mental suffering resulting from such a wrongful act and from the disgrace attending it is properly the subject of compensatory damages, which are largely within the discretion of the jury under proper instruction by the court. This Court will seldom interfere with a verdict in such cases unless all of the circumstances demonstrate that the jury acted under some improper influence, bias, passion, or prejudice. *Eller v. Lord*, 36 S.D. 377, 154 N.W. 816 (1915). Damages, to be so excessive as to warrant a new trial, must be so excessive as to appear, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury was actuated by passion, partiality, prejudice or corruption. *Schuler v. City of Mobridge*, 44 S.D. 488, 184 N.W. 281 (1921). Upon the record before us, we cannot find this verdict excessive nor that the jury in rendering it was actuated by passion, prejudice, or improper influence.

The judgment and order appealed from are reversed, and the trial court is directed to reinstate the jury verdict.

HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., dissent.

ANDERST, Circuit Judge, sitting for DUNN, J., disqualified.

WOLLMAN, Chief Justice (dissenting).

I would affirm the trial court, for I think that this is one of those cases in which the undisputed facts establish the existence of probable cause to initiate the legal proceedings. The fact that the mental illness board did not find that the allegations in the petition had been proved by clear and convincing evidence should not be construed as evidence of lack of probable cause. *Wadlington v. Coyne*, 49 S.D. 563, 207 N.W. 539 (1926).

---

2. This motion was made under the provisions of SDCL 15-6-15(b).

I am authorized to state that Justice Morgan joins in this dissent.